477 A.2d 1322

**The BOROUGH OF BLAWNOX COUNCIL, Appellant,**

**v.**

**Edith OLSZEWSKI and John Skanderson, Appellees.**

Supreme Court of Pennsylvania.

Argued March 8, 1984.

Decided June 5, 1984.

John F. Cambest, Conway, Meyer & Cambest, Pittsburgh, for appellant.

James R. Mall, Pittsburgh, for appellees.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an order of the Commonwealth Court, 72 Pa.Cmwlth. 210, 455 A.2d 1280, which reversed an order of the Court of Common Pleas of Allegheny County affirming the removal for just cause of two members of the Zoning Hearing Board of the Borough of Blawnox under the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, art. I, § 101, *et seq., as amended,* 53 P.S. § 10101 *et seq.* We conclude that the removal was proper

and accordingly reverse the order of reinstatement issued by the Commonwealth Court.

In the summer of 1980, the Borough of Blawnox was pursuing the development of a high rise apartment building for low income, handicapped and elderly citizens of the borough. At a meeting of officials involved in the project, including Zoning Board Members Edith Olszewski and John Skanderson, appellees in the instant appeal, the developer, Crossgates, Inc., expressed uncertainty as to whether the proposed construction was in compliance with height, square foot per living unit, and parking regulations of the borough zoning ordinance. As a result, Crossgates formally notified the Borough Council of the possible need for zoning variances and requested the scheduling of a variance hearing before the Zoning Hearing Board (Board), which Borough Council (Council) sought to expedite, due to unspecified time constraints attached to the federal and county cooperation agreement. Due to a personal scheduling conflict, Chairman and Board Member, Edith Olszewski, could not schedule the hearing immediately, but scheduled it for August 6, approximately one month after the request for a hearing was made. In the interim, the borough solicitor and another attorney reviewed the ordinance to assess the need for variances and concluded that the proposed construction was within the ordinance and that no variances were required, which opinion was submitted to Council. Council, in turn, so apprised the borough building inspector who issued a building permit.

On August 6, 1980, the Zoning Hearing Board convened for a general business meeting. Among the items of business was the possible hiring of legal counsel to review the zoning ordinance for the proposed high rise construction project's compliance. Notwithstanding that some previous requests to the Council for the retention of legal counsel had been denied, the Board voted unanimously to retain Attorney James Voss and a motion carried that the Council was to be notified.

With Attorney Voss acting as their counsel, appellees Olszewski and Skanderson then appealed the issuance of the permit to the Court of Common Pleas of Allegheny County, which dismissed the appeal for lack of standing. The third member of the Board, Mr. Henry R. Witas, did not join in the appeal. On the final day of the appeal period from the issuance of the permit, an individual of the borough, Patrick Connolly, filed an appeal (Connolly appeal) to the Zoning Hearing Board on the same issues by delivering the appeal to appellee Olszewski at her home without tendering the $100 appeal fee required by Borough Resolution 78–6. The practice of filing an appeal directly with a member of the Board was not unusual according to the testimony of the borough secretary.

A hearing on the Connolly appeal was scheduled and appellees Olszewski and Skanderson, in view of their earlier appeal action, were asked to recuse themselves from hearing the matter. Upon their refusal, by order of the Court of Common Pleas on the motion of the borough, appellees Olszewski and Skanderson were replaced on the Board by two temporarily appointed members. The Connolly appeal, however, was eventually dismissed for want of prosecution by Connolly.

By letter dated December 23, 1980, appellees Olszewski and Skanderson were advised that the Council intended to remove them from the Board pursuant to Section 905 of the Municipalities Planning Code, *supra*, 53 P.S. § 10905, providing in pertinent part:

Any [zoning] board member may be removed for malfeasance, misfeasance or nonfeasance in office or for other just cause by a majority vote of the governing body which appointed the member, taken after the member has received fifteen days' advance notice of the intent to take such a vote.

The reasons cited for the removal were: improper appeal of the issuance of a building permit to Crossgates, Inc. and refusal to recuse from the Board hearing on the Connolly appeal on identical issues; retention of legal counsel with-

out the authorization of Council, to represent both Olszewski and Skanderson in their appeal to the Court of Common Pleas; retention of legal counsel without the authorization of Council to represent the Board in various other appeals before the Board, after having been notified that there were not sufficient funds to retain a solicitor; unauthorized retention of legal counsel causing the borough to incur unnecessary expenses, including the charges of the borough solicitor and the attorney retained by the Board; and failure to collect the required filing appeal fee for the Connolly appeal.

Council conducted a hearing on the charges, and appellees were eventually removed from Board membership by unanimous vote of the Council, one member not participating. Appeal was taken to the Court of Common Pleas of Allegheny County pursuant to Section 752 of the Local Agency Law, Act of April 28, 1978, P.L. 202, No. 53, § 5, 2 Pa.C.S.A. § 752, where additional testimony was taken and the removal of Board Members Olszewski and Skanderson was affirmed upon findings, *inter alia,* that

(21) On August 6, 1980, at the public meeting called by EDITH OLSZEWSKI, the Board approved the hiring of James Voss, Esquire, to give them an opinion on the need of variances by Crossgates for the high rise project, although no appeal or other matter was then pending before the Zoning Board.

(22) The legal opinion sought from Mr. Voss was for the personal, private use of EDITH OLSZEWSKI and JOHN SKANDERSON.

(23) The retaining of Mr. Voss was without Councilmanic approval.

(24) No agreement as to amount of legal fees to be charged by Mr. Voss was made.

(25) Following the filing of the Connolly appeal, EDITH OLSZEWSKI and JOHN SKANDERSON, who had invited and arranged the appeal to themselves, refused to recuse themselves in favor of impartial, unbiased mem-

bers and Court action was necessary to cause their recusation.

The Court of Common Pleas affirmed the removal action, concluding as a matter of law that

(3) Causing public funds to be jeopardized or expended in furtherance of personal opinions not part of an appeal or application pending before them constitutes good cause for removal as members of a Zoning Hearing Board.

While not expressly concluding so as a matter of law, the Common Pleas Court observed that no malfeasance, misfeasance or nonfeasance was established by the evidence.

Appellees pursued an appeal to the Commonwealth Court which reversed and ordered reinstatement of appellees. *Olszewski v. Borough of Blawnox Council,* 72 Pa. Commonwealth Ct. 210, 455 A.2d 1280 (1983). Petition for allowance of appeal by the Borough of Blawnox was granted and this appeal followed.

■ Judicial review of local agency action is limited to review for substantial evidence in support of findings of fact necessary to support the adjudication, or for error of law, or for violation of constitutional rights of the party affected. Section 754(b), Local Agency Law, *supra,* 2 Pa.C.S.A. § 754; *Kujawa v. City of Williamsport,* 67 Pa. Commonwealth Ct. 38, 445 A.2d 1348 (1982). Appellant Borough of Blawnox asserts that the reversal by Commonwealth Court of the affirmance of the removal of appellees by Council constituted error of law in its construction of the standard of removal for "just cause" under Section 905 of the Municipalities Planning Code, *supra,* 53 P.S. § 10905.

■ In reviewing the removal of Olszewski and Skanderson for just cause, Commonwealth Court relied on the definition of just cause as formulated through caselaw interpreting Section 807(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, art. VIII, § 807, *as amended* by Act of August 27, 1963, P.L. 1257, § 21, 71 P.S. § 741.807(a) (Supp.1982). The removal for just cause of an appointed municipal official is clearly distinguishable from removal

from the civil service. The provisions by which the civil service operates constitute a strict framework of operations by which no employee may be appointed, or transferred, reinstated, or discharged in any manner or by any means other than those specified by statutes regulating civil service. *McGrath v. Staisey,* 433 Pa. 8, 249 A.2d 280 (1968); *Chmill v. City of Pittsburgh,* 31 Pa. Commonwealth Ct. 98, 375 A.2d 841 (1977), *rev'd on other grounds,* 488 Pa. 470, 412 A.2d 860 (1980).

Removal of personnel in the civil service must be based on merit criteria which are relevant to proper execution of the employee's duties and which are job-related and touch in some logical and rational manner upon competency and ability. *Gibson v. Comm., Dept. of Public Welfare,* 35 Pa. Commonwealth Ct. 27, 384 A.2d 1030 (1978); *Comm., Dept. of Transportation v. Desikachar,* 22 Pa. Commonwealth Ct. 507, 349 A.2d 796 (1976). This competency standard which has evolved under the Civil Service Act is necessarily related to the objective for which the Civil Service has been established, to obtain an efficient public service by merit appointments with tenure protection to all appointees in the classified service. It is this standard which the Commonwealth Court applied to the instant case.

Appointed officers, conversely, were traditionally subject to removal at the discretion of the appointing official, for the power of removal, in the absence of a specific provision to the contrary, is incident to the power of appointment. *Burnap v. United States,* 252 U.S. 512, 40 S.Ct. 374, 64 L.Ed. 692 (1920); *Keim v. United States,* 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); *Blake v. United States,* 103 U.S. 227, 26 L.Ed. 462 (1881). Where the power to remove is discretionary, the courts will not inquire into the grounds for removal.

However, when the Legislature vested the appointment of the Zoning Hearing Board Members in the Borough Council, it supplanted the traditional prerogative of the appointing official to remove at its discretion, by establish-

ing a fixed term for members of the Zoning Hearing Board, Section 903(a), Municipalities Planning Code, *supra*, 53 P.S. § 10903(a), subject to removal not only for malfeasance, misfeasance and nonfeasance in office, but also, in issue in the instant case, for "just cause". The exercise of the removal power for "just cause" must be in pursuit of the public interest, and for action inimical thereto, and is not to be exercised in an arbitrary fashion unjustly undermining the term of office.

 Inasmuch as the pursuit of a course of action in derogation of the public interest may involve indicia and encompass concerns differing from those of the Civil Service Act, the standards of removal for just cause under that Act, which strictly target competency and merit of personnel, are too limited to be of aid in the case of removal of a member of a Zoning Hearing Board under the Municipalities Planning Code. They are two different animals, as it were. Accordingly, the Commonwealth Court erred as a matter of law in applying the Civil Service Act's definition of just cause to the case at bar. This conclusion does not of itself require reversal of the Commonwealth Court for we must consider the actions of appellees as they impact upon the public interest.

The statutory powers of a Zoning Hearing Board are clearly set forth in the Municipalities Planning Code, *supra*, and are: to hear and decide appeals from action taken by the zoning officer, 53 P.S. § 10909; to hear challenges to the validity of the zoning ordinance, 53 P.S. § 10910; to hear requests for variances and to grant variances under certain circumstances, 53 P.S. § 10912; and to hear and decide requests for special exceptions, 53 P.S. § 10913.

None of these proceedings was pending before the Board on August 6, 1980 when the formal action to retain legal counsel was taken. The Connolly appeal had not yet been filed and, although Crossgates, Inc. originally requested that a variance hearing be scheduled before the Board, the necessity for a hearing was obviated by the interim issuance to Crossgates, Inc. of a building permit by the building inspector, the duly-empowered zoning officer of the

borough. *Ordinance No. 305 of 1968 of the Borough of Blawnox, Allegheny County, Pennsylvania,* Article XI, Section 1. We are here concerned only with the fact of the issuance by the empowered official, not with the merits of the issuance of that permit or the merit of the earlier determination by the borough solicitor as to the project's compliance with the ordinance.

 The fact of the issuance of the permit rendered the proposed variances to be addressed by the Board non-justiciable for the power and authority exercised by administrative commissions derives from legislative grant of power. A doubtful power does not exist and such tribunals, being extrajudicial, should act within strict and exact limits defined. *Pennsylvania. Human Relations Comm. v. St. Joe Minerals Corp., Zinc Smelting Division,* 476 Pa. 302, 382 A.2d 731 (1978); *Comm., Human Relations Comm. v. Transit Casualty Ins. Co.,* 478 Pa. 430, 387 A.2d 58 (1978). Section 909 of the Municipalities Planning Code provides that the Zoning Hearing Board shall hear and decide *appeals* from actions of the zoning officer (building inspector). 53 P.S. § 10909. Where a building permit has been issued by the duly-authorized official, any action taken by the Board in derogation of the action without proper appeal is unauthorized.

 In retaining legal counsel to prosecute their appeal to the Court of Common Pleas from the issuance of the building permit, the appellees relied upon Section 907 of the Municipalities Planning Code which provides in pertinent part:

> Within the limits of funds appropriated by the governing body, the [zoning hearing] board may employ or contract for secretaries, clerks, legal counsel, consultants and other technical and clerical services.

53 P.S. § 10907. Nevertheless, while the Municipalities Planning Code does empower the Board to engage legal counsel within the limits of the budget, this power is circumscribed by the provisions of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, No. 581, § 101 *et seq.,*

53 P.S. § 45101 *et seq.*, which is specifically given effect by Section 103 of the Municipalities Planning Code, 53 P.S. § 10103. The Borough Code settles authority for legal matters in the borough solicitor generally, but permits the hiring of legal counsel by the assent or ratification of the governing body:

> The legal matters of the borough shall be under the control of the borough solicitor, and *no department or officer of the borough, except as herein otherwise provided, shall employ an additional counsel without the assent or ratification of the council.* In the absence of the solicitor, the law firm of which he is a member or associate may perform any of the duties or functions of the solicitor.

53 P.S. § 46116 (emphasis supplied). Thus, even when acting pursuant to an *authorized* function and even when due process requires that counsel be engaged for purposes of an appeal, *Horn v. Hilltown*, 461 Pa. 745, 337 A.2d 858 (1975), Board members do not have unilateral authority to hire legal counsel. Because no appeal from or request for variances was then pending before the Board, any solicited legal advice on the project could have been used only in advancing their aims as individuals, not their function as Board members. When this point regarding the intended use of the legal opinion was pursued by the Court of Common Pleas, both Olszewski and Skanderson admitted that it would be used only for their personal benefit.

Accordingly, these actions of appellees Edith Olszewski and John Skanderson in derogation of the express authorization by the building inspector, the duly-constituted official, that a building permit should be issued, hired legal counsel in pursuit of personal goals of undermining the authority of the duly-constituted official to act which was a purpose not within their limited authority and function as members of the Zoning Hearing Board and in doing so attempted to encumber public funds in a manner outside the prescribed requirements of the Borough Code and for a purpose also not within their authority as members of the Zoning Hearing Board. We view this as an action of a

substantial nature directly harmful and inimical to the interests of the public and conclude, as a matter of law, that the Court of Common Pleas properly affirmed the removal action by the Borough of Blawnox Council.

Reversed.

HUTCHINSON, J., dissents.

NIX, C.J., files a dissenting opinion.

ZAPPALA and PAPADAKOS, JJ., did not participate in the consideration or decision of this case.

NIX, Chief Justice, dissenting.

I agree with the majority that the Commonwealth Court erred as a matter of law in applying caselaw construing the Civil Service Act's "just cause" requirement, Act of August 5, 1941, P.L. 752, § 807, *as amended,* 71 P.S. § 741.807 (Supp.1983–84), in the instant case. I also agree with the majority's interpretation of "just cause" as contemplated by section 905 of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, Art. IX, § 905, 53 P.S. § 10905 (1972). Having articulated the proper standard, however, the majority proceeds to an evaluation of the evidence. Because the proper course would have been to remand the matter for further proceedings consistent with this Court's interpretation of section 905, I am compelled to dissent.