589 A.2d 721

**Linda A. BURKHOLDER, Appellant,**

v.

**William HUTCHISON, Robert Scott, St. Thomas Township and the Board of Supervisors of St. Thomas Township.**

Superior Court of Pennsylvania.

Argued Jan. 22, 1991.

Filed April 10, 1991.

Richard B. Swartz, Harrisburg, for appellant.
Karl R. Hildabrand, Harrisburg, for appellees.

Before OLSZEWSKI, BECK and TAMILIA, JJ.

TAMILIA, Judge:

■ This appeal comes to us from the judgment entered following the Order of January 2, 1990, sustaining defendants' preliminary objections in the nature of a demurrer. We are now called upon by appellant to consider extending the scope of the public policy exception to the at-will employment doctrine.[1]

Appellant commenced this action by writ of summons issued December 30, 1988. On or about March 2, 1989, appellant filed a complaint averring that she was employed as secretary/treasurer for St. Thomas Township and in 1986 and 1987, defendants Hutchison and Scott were two of the three supervisors on the Board of Supervisors for that Township. Appellant alleged that on several occasions in 1986, defendants Hutchison and Scott advised her that her position with the township was in jeopardy if she did not prevent her husband from speaking out on township issues. On January 6, 1987, the township, through the board, allegedly discharged appellant because she was unable to prevent her husband from speaking out on public issues.[2] Appellant alleges the discharge was a violation of her and her husband's rights of free speech and participation. On or about March 10, 1989, defendants filed preliminary objections in the nature of a demurrer and a motion to strike. The preliminary objections were briefed and argued before the trial court on May 4, 1989, and by Order dated June 15, 1989, the preliminary objections were sustained and appellant was granted leave to file an amended complaint within

1. This appeal is properly before the Superior Court rather than Commonwealth Court because although St. Thomas Township is named as a defendant in the underlying action, the complaint alleges wrongful discharge against public policy, a civil action applying common law principles, and not the traditional bases of Commonwealth Court jurisdiction in cases involving municipalities. *See* 42 Pa.C.S. §§ 762(a)(4) and (a)(7).

2. Following the appellant's rationale, we begin our review denominating her termination as a discharge, which, as discussed below, is in reality a failure to reappoint.

twenty days thereof. On or about July 5, 1989, appellant filed an amended complaint, further alleging defendants' warnings to her and eventual discharge had a chilling effect on her exercise of free speech and participation rights, as guaranteed by the United States and Pennsylvania Constitutions. On or about July 12, 1989, defendants again filed preliminary objections in the nature of a demurrer and a motion to strike, again asserting, *inter alia*, that appellant's complaint was insufficient as a matter of law to support a cause of action for wrongful discharge. The trial court sustained defendants' preliminary objections by Order dated January 2, 1990, and this appeal followed.

On an appeal from the sustaining of preliminary objections in the nature of a demurrer, "we accept as true all well-pleaded material facts set forth in the complaint as well as all inferences reasonably deducible therefrom." *DiMarco v. Lynch Homes*, 525 Pa. 558, 561, 583 A.2d 422, 424 (1990), quoting *Dercoli v. Pennsylvania National Mutual Insurance Co.*, 520 Pa. 471, 476, 554 A.2d 906, 908 (1989).

As an initial matter, we note both parties appear to concede appellant's position as secretary/treasurer was that of an at-will employee. In that light, the law in Pennsylvania has long held that "[a]bsent a statutory or contractual provision to the contrary, the law has taken for granted the power of either party to terminate an employment relationship for any or no reason." *Geary v. United States Steel Corp.*, 456 Pa. 171, 175, 319 A.2d 174, 176 (1974). *Geary* continues to shine brightly as a polestar for the rule that where there exists "a plausible and legitimate reason for terminating an at-will employment relationship and no clear mandate of public policy is violated thereby, an employee at will has no right of action against his employer for wrongful discharge." *Id.*, 456 Pa. at 184–85, 319 A.2d at 180. As a general rule, this Court will not review terminations of at-will employment relationships. *Robertson v. Atlantic Richfield Petroleum Products Co.*, 371 Pa.Super. 49, 537 A.2d 814 (1987), *app. den.*, 520 Pa. 590, 551 A.2d 216 (1988). However, when a review is under-

taken, it must be done in light of the attendant circumstances of the case at bar. It first must be determined whether any public policy is threatened thereby; and even when an important public policy is involved, an employer may discharge an employee if he has separate, plausible and legitimate reasons for doing so. *Cisco v. United Parcel Services, Inc.*, 328 Pa.Super. 300, 476 A.2d 1340 (1984).

Since its enunciation in *Geary*, the public policy exception to the rule precluding wrongful discharge claims in at-will employment situations had been developed further, but still remains an extremely narrow exception in the courts of Pennsylvania. *Geary* stated the underlying tenets of the public policy exception:

It may be granted that there are areas of an employee's life in which his employer has no legitimate interest. An intrusion into one of these areas by virtue of the employer's power of discharge might plausibly give rise to a cause of action, particularly where some recognized facet of public policy is threatened. The notion that substantive due process elevates an employer's privilege of hiring and discharging his employees to an absolute constitutional right has long since been discredited.

*Geary, supra,* 456 Pa. at 184, 319 A.2d at 180 (footnote omitted). To come within the exception, "the employee must show a violation of a clearly mandated public policy which 'strikes at the heart of a citizen's social right, duties and responsibilities.'" *Turner v. Letterkenny Federal Credit Union,* 351 Pa.Super. 51, 55, 505 A.2d 259, 261 (1985), quoting *Novosel v. Nationwide Insurance Company,* 721 F.2d 894, 899 (3rd Cir.1983).

Exemplifying their reluctance to intrude unnecessarily in the realm of employer independence, to date, the courts of this Commonwealth have recognized only two instances in which a discharge contravenes a stated public policy so as to support a cause of action for wrongful discharge. *Reuther v. Fowler & Williams, Inc.,* 255 Pa.Super. 28, 386 A.2d 119 (1978) (employee could not be discharged for performing jury duty); *Hunter v. Port Author-*

*ity of Allegheny County,* 277 Pa.Super. 4, 419 A.2d 631 (1980) (employer could not deny employment on the basis of a former conviction for which the offender had been pardoned). Appellant now urges this Court to broaden the public policy exception, in effect transferring to the judicial forum the duty of evaluating the propriety of management decisions. Neither prior decisions by the courts of Pennsylvania in this area nor the facts of the instant case warrant providing this extension of the public policy exception.

To support this argument, appellant relies primarily upon *Novosel, supra.* In *Novosel,* the plaintiff employee alleged that he was discharged for his refusal to participate in the employer's legislative lobbying efforts and for his opposition to the political stance of the company. The Third Circuit held that "the concern for the rights of political expression and association" is a significant and recognized public policy that will support a cause of action for wrongful discharge. *Id.* at 900. This Court is not bound by the decision of the Third Circuit in *Novosel,* which merely anticipated the direction of Pennsylvania jurisprudence, and in any event we find *Novosel* to be distinguishable from the facts of the case at bar.

Instantly, we do not find appellant's allegations of curtailed free speech and association rights equal to those of the plaintiff in *Novosel.* At best, appellant has alleged that the defendants herein infringed upon the rights of a third party, appellant's husband, to voice his political opinions. The public policy exception, however, is not applicable to third parties who have not been themselves the victim of an alleged wrongful discharge. Appellant's conclusory allegations that defendants' actions violated or had a "chilling effect" on her constitutionally protected rights of free speech and participation do not constitute well-pleaded material facts, nor inferences reasonably deducible therefrom, which we may accept as true. Therefore, as no constitutionally safeguarded right of appellant's was violated by defendants' actions, the extension by this Court of the public policy exception to the at-will employee doctrine,

beyond the narrow limits already established, must await another day and a factual scenario more closely approximating that of *Novosel.*

Instead, we base our decision in this case on the fact that defendants herein, within statutory mandates, did not discharge appellant, but merely failed to reappoint her as secretary/treasurer of St. Thomas Township.

The Second Class Township Code, under which St. Thomas Township was governed, provides in pertinent part:

The supervisors of each township shall meet, at a convenient time and place, on the first Monday in January of each year.... At such time the township supervisors shall organize as a board.... The board shall appoint a treasurer and a secretary.... [T]he board may appoint one individual to serve as both secretary and treasurer....

53 P.S. § 65511.

Moreover, as appellees correctly note, the Pennsylvania Constitution states: "Appointed civil officers, other than judges of courts of records, may be removed at the pleasure of the power by which they shall have been appointed." Art. 6, § 7. This traditional discretion to remove is incident to the power of appointment, and where the power to remove is discretionary, the courts will not inquire into the grounds for removal. *Borough of Blawnox Council v. Olszewski,* 505 Pa. 176, 477 A.2d 1322 (1984).

It appears clear to us that at the time of their required annual meeting in January, 1987, the board of supervisors of St. Thomas Township chose not to reappoint appellant to the position of secretary/treasurer for the township. This Court need not further scrutinize the board's reasons for exercising its discretionary power to remove, except to state that as a means of promoting the efficient governance of the township, the board was free to appoint as officers those with whom they felt comfortable. While effective management does not require like-mindedness from all workers on all issues, it would be unrealistic to expect that

those charged with running government and implementing policy decisions should, or even do, appoint officers with differing agenda. Thus, we find the defendants' actions plausible and legitimate, whether appellant is termed a discretionary appointee or an at-will employee, within the strictures of *Geary* and its progeny.

Judgment affirmed.

BECK, J., concurs.

BECK, Judge, concurring:

Although I agree with the majority's ultimate disposition of this case, I write separately to clarify the precise basis for the panel's affirming the trial court's demurrer in favor of the St. Thomas Township Board of Supervisors (the Board). Simply stated, this case involves the decision by the Board not to reappoint appellant Burkholder as the Board's secretary/treasurer. The Board's decision was in complete accordance with the Township Code, 53 P.S. § 65511. As such, this case need not, and should not, involve a consideration of public policy exceptions to the general rule of discharge of at-will employees.

The facts show that Burkholder was appointed in 1986 to be the secretary/treasurer for the Board. Her appointment was made pursuant to 53 P.S. § 65511, which provides in pertinent part:

[t]he supervisors of each township shall meet, at a convenient time and place, on the first Monday in January of each year.... At such time the township supervisors shall organize as a board by electing one of their number as chairman and another member as vice-chairman. The board shall appoint a treasurer and a secretary[, or] may appoint one individual to serve as both secretary and treasurer.

53 P.S. § 65511 (Purdon Supp.1990). Therefore, by statute, the Board is authorized each January to appoint whomever it selects as secretary/treasurer.

Burkholder alleges that on January 6, 1987, she was informed by the Board that she was being discharged. A review of the record, however, indicates that at its annual meeting the Board decided to appoint someone other than appellant to the position of secretary/treasurer for the 1987 calendar year. The record therefore shows Burkholder was not discharged, but was not reappointed. The Board's action taken on January 6, 1987, not to reappoint Burkholder was within its legitimate statutory authority. Appellant has presented no allegations suggesting that the Board acted outside of its authority.

The majority agrees that the above rationale is the basis for its decision. As the majority states, "[i]nstead, we base our decision in this case on the fact that defendants herein, within statutory mandates, did not discharge appellant, but merely failed to reappoint her as secretary/treasurer of St. Thomas Township." *See* Majority Opinion, at 504. As such, the precise holding in this case is that an employee-at-will can not maintain a cause of action for wrongful discharge where her employer acting pursuant to statutory authority fails to reappoint her. Therefore, the majority's lengthy discussion addressing public policy exceptions to at-will employment is *dicta.*

It is unfortunate that the majority addressed such an important issue where the issue was not properly before it. Other appellate courts have recognized the difficulty of the issue and have instructed us that decisions must be considered on a case-by-case basis. *Field v. Philadelphia Elec. Co.,* 388 Pa.Super. 400, 418–19, 565 A.2d 1170, 1179 (1989); *Rinehimer v. Luzerne County Community College,* 372 Pa.Super. 480, 490–91, 539 A.2d 1298, 1303 (1988), *appeal·denied,* 521 Pa. 606, 555 A.2d 116 (1988); *Yaindl v. Ingersoll–Rand Co. Standard Pump Aldrich Div.,* 281 Pa.Super. 560, 572, 422 A.2d 611, 617 (1980). Unlike the majority, in this case I would abstain from analyzing or discussing the substantive merits of free speech and free association as public policy exceptions. The majority's dis-

cussion of the public policy issues at any rate is merely *dicta.*