OMNIPOINT COMMUNICATIONS, INC., William McCommon, and Debra McCommon, Plaintiffs,

v.

ZONING HEARING BOARD OF EAST PENNSBORO TOWNSHIP, CUMBERLAND COUNTY, PENNSYLVANIA; and Richard Ernest, in his capacity as Zoning Officer for East Pennsboro Township; Defendants.

No. CIV. A. 1:CV–97–1589.

United States District Court, M.D. Pennsylvania.

March 24, 1998.

---

Linus E. Fenicle, Reager & Adler, P.C., Camp Hill, for Omnipoint Communications, Inc., William McCommon, Debra McCommon.

Timothy J. McMahon, Marshall, Dennehey, Warner, Coleman & Goggin, Harrisburg, PA, Craig R. Shagin, Shagin & Anstine LLC, Harrisburg, PA, for Zoning Hearing Bd. of East Pennsboro Township, Cumberland County, Pa.

Timothy J. McMahon, Marshall, Dennehey, Warner, Coleman & Goggin, Harrisburg, PA, for Richard Ernest.

Jeffrey B. Albert, McKissock & Hoffman, Philadelphia, PA, for Henry E. Coyne

*MEMORANDUM*

CALDWELL, District Judge.

Plaintiffs, Omnipoint Communications, Inc. ("Omnipoint") and William and Debra McCommon, brought this action under the Telecommunications Act of 1996, 47 U.S.C. § 332, against Defendants, the Zoning Hearing Board of East Pennsboro Township (the "Zoning Hearing Board" or the "Board") and Richard Ernest, Zoning Officer for East Pennsboro Township. Before us is Defendants' motion to dismiss.

## I. *Background*

Omnipoint is a licensed provider of personal wireless communications services. On March 14, 1997, Plaintiffs applied to East Pennsboro Township (the "Township") for a building permit to install a 100 foot high telecommunications monopole on land owned by the McCommons and leased by Omnipoint. The McCommons' property is in an R–1 (Residential) zoning district. Ernest issued Plaintiffs a building permit on March 25, 1997.

On June 9, 1997, the Township solicitor wrote to the McCommons to advise them that a telecommunications tower was not a permitted use in an R–1 district, and directing them to stop work on the tower and apply to the East Pennsboro Planning Commission (the "Planning Commission") if they desired a building permit.

Omnipoint appealed this revocation of the building permit to the Zoning Hearing Board on June 23, 1997. The Board denied Omnipoint's appeal on August 21, 1997, and issued a written decision confirming the denial on September 18, 1997. (*See* Compl. Ex. A). The Board found that the Township's zoning ordinance did not specifically permit telecommunications towers in R–1 districts, and therefore concluded that Omnipoint's building permit had been issued in error, and, under the ordinance, Omnipoint would have to obtain the approval of the Planning Commission before being issued a permit.

The Township had previously issued building permits to Vanguard Cellular Systems, Inc. ("Vanguard") to build two communications towers in R–1 zoning districts in 1994 and 1996.

Plaintiffs brought this action on October 17, 1997, seeking injunctive relief and a writ of mandamus. Plaintiffs raise a cause of action under Section 332(c) of the Telecommunications Act, 47 U.S.C. § 332(c), as well as a pendant common law claim asserting a vested right in the building permit. Defendants have moved for dismissal, arguing that Plaintiffs' claims are not ripe, and that Plaintiffs have failed to state a claim upon which relief can be granted.

## II. *Standard of Review*

When considering a motion to dismiss under Rule 12(b), "all facts alleged in the complaint and all reasonable inferences that can be drawn from them must be accepted as true." *Malia v. General Elec. Co.*, 23 F.3d 828, 830 (3d Cir.1994). The motion must be denied unless the plaintiff cannot prove any facts in support of the claim which would entitle it to relief. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989).

## III. *Discussion*

### A. Failure to State a Claim under 47 U.S.C. § 332(c)

In Section 332(c), the Telecommunications Act grants certain protections to providers of

mobile telecommunications services in their relations with local government. Plaintiffs allege that Defendants' conduct violates the Act's prohibition against unreasonable discrimination among providers of functionally equivalent services, 47 U.S.C. § 332(c)(7)(B)(i)(I).

The Act creates a cause of action in favor of:

Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph . . . .

47 U.S.C. § 332(c)(7)(B)(v). Defendants contend that Plaintiff have failed to state a claim under this section.[1]

### 1. "Final Action"

■ Defendants argue that Plaintiffs have no cause of action under the Act, since there has been no "final action" by the Township. Defendants reason that the Zoning Hearing Board did not conclude that Omnipoint could not build the monopole, but merely ruled that Omnipoint must take its request to the Planning Commission. As Plaintiffs never applied to the Planning Commission, the Township has never had an opportunity to definitively decide the matter, and there has been no "final action."

Plaintiffs do not dispute Defendants' contention that the Township, as a governmental entity, has not taken "final action" with regard to the monopole. Plaintiffs argue instead that their suit is predicated upon the "final action" of the Zoning Hearing Board, which is an "instrumentality" of local government.

Under the plain language of Section 332(c)(7)(B)(v), final action by the Zoning Hearing Board, as an "instrumentality" of local government, qualifies as "final action" which can give rise to a claim under the Act.

The fact that the Township, as a municipality, has not taken final action will not effect the application of Section 332's "final action" requirement.

### 2. Final Action Inconsistent with Subparagraph 332(c)(7)(B)

■ We must next consider, however, whether the final action of the Zoning Hearing Board gives rise to a cause of action. Section 332(c)(7)(B)(v) creates a cause of action only when the final action in question is inconsistent with the statute. For Plaintiffs to state a claim under Section 332(c)(7)(B), therefore, they must plead some violation of that subparagraph.

Plaintiffs contend that by permitting Vanguard to place monopoles in R–1 districts, but revoking Plaintiffs' permit, Defendants have violated Section 332(c)(7)(B)(i)(I) of the Act, which prohibits unreasonable discrimination among service providers. That provision states that, in regulating the placement of mobile communications facilities, State and local government may not "unreasonably discriminate among providers of functionally equivalent services . . . ." 47 U.S.C. § 332(c)(7)(B)(i)(I).

Plaintiffs' argument runs afoul of their decision to sue the Zoning Hearing Board, rather than pursue their remedy before the Planning Commission. If this case concerned a final action by the *Township*, rather than the Zoning Hearing Board, then Plaintiffs would have stated a claim for a violation of Section 332(c)(7)(B)(i)(I), as the Township revoked Plaintiffs' building permit, but allowed Vanguard to build and maintain functionally equivalent monopoles.[2]

■ Plaintiffs, however, are challenging final action by the Zoning Hearing Board. Plaintiffs have not alleged that the Zoning Hearing Board is responsible for permitting Vanguard's monopoles, while prohibiting Om-

---

1. Defendants also suggest that we do not have jurisdiction over this case. Properly speaking, however, the question before us is whether Plaintiffs have stated a claim under the statute, and not one of jurisdiction. *See Steel Co. v. Citizens for a Better Environment,* —— U.S. ——, 118 S.Ct. 1003, 1009–1012, 140 L.Ed.2d 210 (1998).

2. We must emphasize that we present this hypothetical only as an example. As discussed above, there has been no "final action" by the Township in this case. We do not purport to rule on the presence or absence of any violation of Section 332(c)(7)(B)(i)(I) by the Township. The Township is not a party to this suit, and that question is not before us.

nipoint's. Defendants contend, and Plaintiffs have not refuted, that the Zoning Hearing Board has not discriminated between Vanguard and Omnipoint, because the Zoning Hearing Board has not had an opportunity to pass on the permissibility of Vanguard's monopoles. The Board becomes involved in zoning disputes only when a party with standing raises an appropriate matter before it. *See* 53 Pa. Stat. Ann. §§ 10909.1(a); 10910.2; 10912.1. The Board, as a quasi-judicial administrative body, lacks the power to affirmatively enforce the Township's ordinances. *See In re Leopardi,* 516 Pa. 115, 119–21, 532 A.2d 311, 313–14 (1987); *Borough of Blawnox Council v. Olszewski,* 505 Pa. 176, 186, 477 A.2d 1322, 1327 (1984).

The Zoning Hearing Board expressly concluded that its decision applies equally to all cellular phone towers. (Compl. Ex. A, at 23, 30). It is evident from its language that the ruling would apply to Vanguard's towers as well as Omnipoint's. If the Township has failed to uniformly enforce its zoning ordinances by not requiring Vanguard to apply to the Planning Commission in the same manner as Omnipoint, this discrimination is chargeable to the Township, not to the Zoning Hearing Board. *Cf. Leopardi,* 516 Pa. at 119–21, 532 A.2d at 313–14; *Borough of Blawnox Council v. Olszewski,* 505 Pa. 176, 186, 477 A.2d 1322, 1327 (1984). As Plaintiffs implicitly acknowledge in the their brief, it is the *Township,* and not the Zoning Hearing Board, which has revoked Omnipoint's building permit but has not required Vanguard to apply to the Planning Commission for a permit. (*See* Pl. Brief at 7). The final action of the Zoning Hearing Board does not violate the Telecommunications Act; Plaintiffs have not stated a claim upon which relief can be granted.

**B. Ripeness**

Even if Defendants' conduct satisfied the requirements of Section 332(c)(7)(B)(v), we would be compelled to decline to exercise jurisdiction under the ripeness doctrine.

█ Ripeness doctrine implicates both constitutional and prudential considerations. *See Taylor Inv., Ltd. v. Upper Darby Township,* 983 F.2d 1285, 1289–90 (3d Cir.1993); *Bayou des Familles Dev. Corp. v. United States,* 130 F.3d 1034, 1037 (Fed.Cir.1997); *see also Suitum v. Tahoe Regional Planning Agency,* 520 U.S. 725, 117 S.Ct. 1659, 1664–67, 137 L.Ed.2d 980 (1997) (invoking only prudential ripeness, but discussing prior cases without distinguishing basis of ripeness analysis in each). For purposes of our discussion in this case, we will treat prudential and constitutional ripeness as coextensive.

█ In the context of land use cases, a landowner's claim challenging the actions of local land planning authorities is not ripe until those authorities have had an opportunity to render a final decision on the dispute. *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 193, 105 S.Ct. 3108, 3120, 87 L.Ed.2d 126 (1985); *Acierno v. Mitchell,* 6 F.3d 970, 974 (3d Cir.1993); *Taylor Inv.,* 983 F.2d at 1290.

> This finality rule recognizes that, with respect to zoning disputes, a property owner suffers no mature constitutional injury until the zoning authority defines the application of the zoning ordinance and defines the harm to the owner. The finality rule also prevents the premature adjudication of zoning disputes. ... [Z]oning is a delicate area where a county's power should not be usurped without giving the county an opportunity to consider concrete facts on the merits prior to a court suit.

*Id.* at 1291 (citations and internal quotation marks omitted). Judicial deference to the role of local land use authorities is an essential element of the ripeness doctrine in this field; as the Supreme Court recently explained, ripeness review:

> responds to the high degree of discretion characteristically possessed by land use boards in softening the strictures of the general regulations they administer. As the Court said in [*MacDonald, Sommer & Frates v. Yolo County,* 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986) ], "local agencies charged with administering regulations governing property development are singularly flexible institutions; what they take with the one hand they may give

back with the other." *Id.* 477 U.S. at 350, 106 S.Ct., at 2566.

*Suitum,* 520 U.S. 725, 117 S.Ct. at 1667.

 Plaintiffs' claims are quite plainly unripe. While Plaintiffs have exhausted their remedies before the Zoning Hearing Board, they have made no attempt to obtain a final decision from the Township entity empowered to consider their request: the Planning Commission. Until Plaintiffs have exhausted their options under the Township's land use procedures, their claim will not be ripe for adjudication. *See Acierno,* 6 F.3d at 977; *Williamson County,* 473 U.S. at 193, 105 S.Ct. at 3120.

This circumstance presents a classic example of an unripe land use claim. The Zoning Hearing Board concluded that the Township's zoning ordinance does not provide for telecommunications towers in R–1 districts. Under the ordinance, the matter must therefore be taken up by the Planning Commission. (*See* Compl. Ex. A, at 4, ¶ 14 (quoting East Pennsboro Township Zoning Ordinance)). Until Plaintiffs take the matter before the Planning Commission, the relevant local zoning authorities will not have had an opportunity to define the application of the ordinance in this case. We must decline to exercise jurisdiction over an unripe dispute of this sort. *See Taylor,* 983 F.2d at 1291.

This outcome is also consistent with the Congressional intent underlying the Telecommunications Act of 1996. While Section 332(c) protects service providers from unfair treatment by local government, it also explicitly preserves the traditional authority of local officials over land use decisions. 47 U.S.C. § 332(c)(7)(A) ("Except as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities."). The purpose of the Act is to ensure fair treatment, without unduly intruding upon the authority of local government over land use matters. *See* H.R. Conf. Rep. No. 104–458, at 208 (1996).

Plaintiffs' attempt to seek redress in this Court under the Act without first giving local land use authorities an opportunity to resolve the matter runs directly counter to the Act's stated desire to preserve traditional land use structures. We will not exercise jurisdiction under these circumstances.

We will issue an appropriate order.