Before DOYLE and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

DOYLE, Judge.

**ZONING HEARING BOARD OF THE CITY OF UNIONTOWN,
Appellant,**

**v.**

**CITY COUNCIL OF THE CITY
OF UNIONTOWN.**

Commonwealth Court of Pennsylvania.

Argued June 11, 1998.

Decided Sept. 15, 1998.

Reargument Denied Nov. 23, 1998.

The Zoning Hearing Board of the City of Uniontown (Zoning Board or Board) appeals from an order of the Court of Common Pleas of Fayette County presenting in this appeal an issue of first impression: Who has the statutory authority to appoint the solicitor for a zoning hearing board; the zoning hearing board itself or the governing body of the local municipality?

In the fall of 1996, the Zoning Board appointed Gary Altman, Esquire, as its solicitor. The Board asserts that it repeatedly requested the City Council of the City of Uniontown to ratify this appointment and that City Council refused to do so. In response, however, City Council passed Resolution No. 143, appointing another attorney, Thomas A. Bowlen, Esquire, as the solicitor for the Board.

█ As a result of City Council's action, the Zoning Board filed a complaint in equity with the Court of Common Pleas on October 16, 1997, requesting Common Pleas to issue an injunction ordering City Council to "immediately reverse its 'appointment' of a solicitor and to ratify the appointment already made by the Board." (Complaint at 2; Reproduced Record (R.R.) at 3a.) City Council thereafter filed preliminary objections to the complaint, in which it alleged that, as the governing authority of the City, it, and only it, had the authority to appoint the solicitor for the Zoning Board. After oral argument, Common Pleas entered an order with an opinion, dated December 5, 1997, sustaining City Council's preliminary objections and dismissing the complaint for failure to state a claim upon which relief may be granted. This appeal ensued.[1]

On appeal, the Zoning Board's principal argument is that, pursuant to the express terms of Sections 617.3 and 907 the Pennsylvania Municipalities Planning Code (MPC),[2] the Board, and not City Council, is vested with the "sole and complete authority to hire, fire and set the compensation of its solicitor as long as it stays within the budget passed for its operations by the governing body [*i.e.*, City Council]." (Board's Brief at 6.)

Section 617.3 of the MPC provides in pertinent part:

(b) The governing body shall make provision in its budget and appropriate funds for the operation of the zoning hearing board.

(c) The zoning hearing board may employ or contract for and fix the compensation of legal counsel, as the need arises. The legal counsel shall be an attorney other than the municipal solicitor.... The compensation of legal counsel, experts and staff and the sums expended for services shall not exceed the amount appropriated by the governing body for this use.

53 P.S. § 10617.3(b)–(c). Additionally, Section 907 of the MPC pertinently provides:

Within the limits of funds appropriated by the governing body, the [zoning hearing] board may employ or contract for secretaries, clerks, legal counsel, consultants and other technical and clerical services....

53 P.S. § 10907 (emphasis added).

The principal authority relied upon by the Court of Common Pleas in sustaining City Council's demurrer to the Board's complaint is the decision of our Supreme Court in *Borough of Blawnox Council v. Olszewski,* 505 Pa. 176, 477 A.2d 1322 (1984). In *Blawnox,* the Supreme Court held that the Blawnox Borough Council could lawfully remove zoning hearing board members who committed ultra vires acts. Specifically, in *Blawnox,* the borough was pursuing the development of a high rise apartment building for low income, handicapped and elderly citizens. The developer of the project subsequently contacted Borough Council regarding the possible need for variances from the local zoning ordinance's height, square foot per living unit, and parking regulations. In anticipation of the developer's variance requests, the zoning hearing board voted to retain an attorney, Mr. James Voss, Esquire. In the meantime, the borough's solicitor determined that no variances were needed for the project, and, in turn, Borough Council instructed the building inspector to issue a building permit to the developer.

With Attorney Voss acting as their counsel, two of the zoning hearing board's three members, acting as individuals, filed an appeal from the issuance of the building permit with the Court of Common Pleas of Allegheny County, an appeal which was ultimately dismissed for lack of standing. Subsequently, an individual resident of the borough appealed the issuance of the permit to the zoning hearing board. After a hearing before the board was scheduled, but before it

---

1. Where, as here, the court of common pleas has sustained preliminary objections in the nature of a demurrer, our standard of review on appeal is to determine whether, on the facts alleged, the law states with certainty that no recovery is possible. *Lysicki v. Montour School District,* 701 A.2d 630 (Pa.Cmwlth.1997).

2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10617.3, 10907. Section 617.3 was added to the MPC by Section 62 of the Act of December 21, 1988, P.L. 1329.

actually took place, Borough Council asked the two members who had previously appealed the decision to recuse themselves from the matter. When those members refused, they were replaced by two temporarily appointed members and were subsequently informed that Borough Council intended to remove them from the zoning hearing board altogether. Among the reasons cited for their removal was the unauthorized retention of legal counsel for their individual appeals to the Court of Common Pleas. Our Supreme Court ultimately upheld their removal from office and held that:

> [The removed board members] in derogation of the express authorization by the building inspector, the duly-constituted official, that a building permit should be issued, hired legal counsel in pursuit of personal goals of undermining the authority of the duly-constituted official to act which was a purpose not within their limited authority and function as members of the Zoning Hearing Board and in doing so attempted to encumber public funds in a manner outside the prescribed requirements of the Borough Code and for a purpose also not within their authority as members of the Zoning Hearing Board.[3] We view this as an action of a substantial nature directly harmful and inimical to the interests of the public and conclude, as a matter of law, that the Court of Common Pleas properly affirmed the removal action by the Borough of Blawnox Council.

*Id.* at 187–88, 477 A.2d at 1327–28. In so holding, the Supreme Court reasoned as follows:

> In retaining legal counsel to prosecute their appeal to the Court of Common Pleas from the issuance of the building permit, the appellees relied upon Section 907 of the Municipalities Planning Code which provides in pertinent part:
>
> > Within the limits of funds appropriated by the *governing body,* the [zoning hearing] board may employ or contract for secretaries, clerks, legal counsel, con-

sultants and other technical and clerical services.

53 P.S. § 10907. Nevertheless, while the Municipalities Planning Code does empower the Board to engage legal counsel within the limits of the budget, this power is circumscribed by the provisions of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, No. 581, § 101 *et seq.,* 53 P.S. § 45101 *et seq.,* which is specifically given effect by Section 103 of the Municipalities Planning Code, 53 P.S. § 10103. The Borough Code settles authority for legal matters in the borough solicitor generally, but permits the hiring of legal counsel by the assent or ratification of the governing body:

> The legal matters of the borough shall be under the control of the borough solicitor, and *no department or officer of the borough, except as herein otherwise provided, shall employ an additional counsel without the assent or ratification of the council.* In the absence of the solicitor, the law firm of which he is a member or associate may perform any of the duties or functions of the solicitor.

53 P.S. § 46116 (emphasis supplied). Thus, even when acting pursuant to an *authorized* function and even when due process requires that counsel be engaged for purposes of an appeal, . . . . Board members do not have unilateral authority to hire legal counsel.

*Id.* at 186–87, 477 A.2d at 1327 (citations omitted) (emphasis in original).

However, we believe that the reliance by Common Pleas and City Council on the *Blawnox* decision is, for the most part, misplaced. The essential holding of that case was that a borough council could lawfully remove zoning hearing board members from office where they retained independent legal counsel "in pursuit of their personal goals of undermining the authority" of the municipality's governing body, as well as that of the building inspector to issue building permits, thereby committing an ultra vires act. It is

---

**3.** The Supreme Court also held in *Blawnox* that the definition of "just cause" in Section 807(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.807(a), did not apply to the removal of appointed government officials, such as Zoning Board members, by their appointing authority, *i.e.,* borough council.

clear that the decisive fact in that case, which is absent from the facts of the instant appeal, is that the legal representation sought by the zoning hearing board in *Blawnox* was for the **personal** interests of the removed board members rather than those of the board itself in its capacity as an adjudicatory tribunal. Consequently, we believe the *Blawnox* decision is essentially inapplicable to the facts of this case.[4]

■ It is also of significant importance that, subsequent to the Supreme Court's *Blawnox* decision in 1984 and after the enactment of Section 1602 of the Third Class City Code, the General Assembly passed the Act of December 21, 1988, P.L. 1329, No. 170, thereby adding Section 617.3 to the MPC, which is cited above. A review of this amended version of the MPC leads to the inescapable conclusion that the Zoning Board, and not City Council, has the authority to select and employ its own solicitor. The clear, unambiguous language of Section 617.3 provides that a zoning board "**may employ or contract for ... legal counsel,** as the need arises." 53 P.S. § 10617.3(c) (emphasis added); *see also* 53 P.S. § 10907. Concomitant with a zoning board's independent authority under Sections 617.3 and 907 of the MPC to employ or contract for legal representation must be its ability to select the person with whom it will employ or contract. It is also significant that Section 617.3 of the MPC further grants a zoning board wide discretion to determine the amount of compensation to be paid to the solicitor so employed. *Id.* Nowhere in the MPC does it expressly provide that a zoning board is required to obtain the consent or ratification of the municipality in order to employ or select a solicitor for legal advice or representation.

The only limitations placed by the MPC upon a zoning board's ability to retain its own counsel are: (1) the solicitor retained must be an attorney other than the municipal solicitor; and (2) the compensation paid for such legal representation may not "exceed the amount appropriated by the governing body for this use." *Id.*

The fact that counsel for a zoning board must be an attorney other than the municipal solicitor underscores the importance of permitting the board to select and employ its own legal representation. Very often conflict-of-interest considerations arise where the governing authority of the municipality and the zoning board, have a different opinion, and the municipality is forced to appeal the zoning board's decision. The statutory mandate of the MPC acknowledges this, as well as the fact that a zoning board hearing is an entity separate and distinct from its governing authority for the purposes of legal representation. Allowing City Council in this case to select legal counsel for the Zoning Board would be contrary to the MPC because that authority is expressly conferred upon the Board itself.[5]

The only other limitation placed upon a zoning board's authority to employ legal representation is that the amount expended on such representation must not exceed the amount appropriated by the municipality's governing authority. However, these budgetary considerations do not in any way circumscribe a zoning board's authority to **select** its own legal counsel within the fiscal limitations prescribed by the governing authority, nor do they require a zoning board to obtain ratification from the governing author-

4. We note that dicta in the Supreme Court's *Blawnox* decision may be interpreted as characterizing a zoning hearing board as a "department" of a borough or other municipality. Of course, a zoning hearing board is not a "department" of the local municipality and is more accurately characterized as an independent adjudicatory body or tribunal of the municipality.

5. We note that, in support of its position that such a conflict of interest would exist, the Board refers us to Rule 1.7(b) of the Rules of Professional Conduct, which provides as follows:

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
(1) the lawyer reasonably believes the representation will not be adversely affected; and
(2) *the client consents* after full disclosure and consultation....

(Emphasis added.) In particular, the Board emphasizes that, even if City Council could select legal counsel for the Zoning Board, the Board would ultimately have to consent to such representation pursuant to Rule 1.7(b)(2).

ity with respect to the selection of such counsel.

Because the express language of Section 617.3 of the MPC unambiguously vests in the zoning board the sole authority to retain its own legal counsel, we must reverse the order of the Court of Common Pleas in this case, and remand the matter to that court for further disposition.

## ORDER

NOW, September 15, 1998, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is hereby reversed, and the case is remanded to the Common Pleas Court for further disposition in accord with the principles articulated in the opinion which accompanies this order.

Jurisdiction relinquished.

JIULIANTE, Senior Judge, dissenting.

I respectfully dissent. As a threshold matter, I agree with the Majority that the factual situation in *Borough of Blawnox Council v. Olszewski*, 505 Pa. 176, 477 A.2d 1322 (1984) is somewhat different from that in the instant case. However, I believe that the Supreme Court's reasoning in *Blawnox* for determining that the zoning hearing board members in that case lacked the authority to hire their own counsel is equally applicable to the situation here.

The *Blawnox* Court noted: "Nevertheless, while the Municipalities Planning Code does empower the Board to engage legal counsel within the limits of the budget, this power is circumscribed by the provisions of The Borough Code ... which is specifically given effect by Section 103 of the Municipalities Planning Code, 53 P.S. § 10103 (citations omitted)." [1] 505 Pa. at 186–187, 477 A.2d at 1327. Although Uniontown is governed by

the provisions of The Third Class City Code,[2] its provisions must nonetheless be given effect under Section 103 of the MPC.

Section 1602 of The Third Class City Code, 53 P.S. § 36602, which is nearly identical to Section 1116 of The Borough Code,[3] which was at issue in *Blawnox*, provides: "The city solicitor shall have the superintendence, direction, and control of the law matters of the city. *No department of the city shall employ or retain any additional counsel in any matter or cause, except with the previous assent of council.*" (Emphasis added). Clearly, Section 1602 of The Third Class City Code, like Section 1116 of The Borough Code, requires that the city council approve the hiring of legal counsel by the zoning hearing board.

The Majority, however, attaches significance to the fact that Section 617.3 of the MPC was enacted subsequent to the enactment of Section 1602 of The Third Class City Code and the Supreme Court's decision in *Blawnox*. Although this is true, a look at the language of Section 617.3 indicates that it is nearly identical to the language of Section 907, which was at issue in *Blawnox*, and, therefore, does not evidence any greater legislative intent to permit a zoning hearing board to act unilaterally in hiring counsel than Section 907 did. Accordingly, I disagree with the Majority's conclusion that Section 617.3 of the MPC vests the zoning hearing board with sole authority to hire its own legal counsel.

Consequently, I believe that the trial court did nor err in following *Blawnox* and interpreting Section 1602 of The Third Class City Code in *pari materia* with Sections 617.3 and 907 of the MPC and concluding that the zoning hearing board in the case *sub judice* does not possess the unilateral authority to

---

1. Section 103 provides in part: "The provisions of other acts relating to municipalities other than cities of the first and second class and counties of the second class are made a part of this act and *this code shall be construed to give effect to all provisions of other acts not specifically repealed.*" (Emphasis added).

2. Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §§ 35101—39701.

3. Act of February 1, 1966, P.L. (1965)—, 53 P.S. § 46116. This section provides: "The legal matters of the borough shall be under the control of the borough solicitor, and no department or officer of the borough, except as herein otherwise provided, shall employ an additional counsel without the assent or ratification of the council. In the absence of the solicitor, the law firm of which he is a member or associate may perform any of the duties or functions of the solicitor."

hire legal counsel without assent or ratification by the City Council. I would affirm the order of the trial court.