In Re: Samuel Leopardi and Georgia Leopardi, his wife. James Barness and Linda Barness, his wife, Appellants.

Argued March 12, 1985, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

618

*Samuel C. Holland, Panner, Holland, Autenreith and Wolford, P.C.,* for appellants.

*Robert J. Taylor,* for appellees.

*John P. Dohanich,* for intervenor, Harmony Township Zoning Hearing Board.

OPINION BY JUDGE DOYLE, August 5, 1985:

James and Linda Barness (Appellants) appeal from an order of the Court of Common Pleas of Beaver County which reversed the decision of the Harmony Township Zoning Hearing Board[1] (board) granting them a variance from the thirty foot minimum front yard depth requirement for lots in the R-1 district of Harmony Township.

Appellants applied for a building permit in order to add a twenty-four by twenty-six foot two-car garage and second-story room addition to their residence on Highview Avenue. The application was denied because the addition would have brought the front of their residence to within approximately fifteen feet of the lot line. Appellants then applied to the zoning hearing board for a variance, which was granted on September 8, 1981, following a hearing at which no opposition to Appellants' plans was presented.

---

[1] The board has filed a brief defending its decision in this matter. Although we note that it may not be an appellant in an appeal from a court of common pleas, *Lansdowne Borough Board of Adjustment's Appeal*, 313 Pa. 523, 525, 170 A. 867, 868 (1934), we will consider the brief as though filed on behalf of Appellants as amicus curiae.

On October 6, 1981, a date within the allowable appeal period, but by which time construction of the addition had been nearly completed, Samuel and Georgia Leopardi (Appellees), owners of adjacent property on Highview Avenue, filed an appeal from the grant of the variance.[2] By order of the court of common pleas, the zoning hearing board held an additional transcribed hearing on April 29, 1982,[3] and on May 28, 1982, the board issued an opinion affirming its original decision. The court of common pleas, after conducting its own hearing and reviewing the matter *de novo,* reversed the zoning hearing board on November 17, 1982 and issued an order directing Appellants to either secure releases from all property owners on the block[4] or to bring the addition into conformity with the ordinance.

Where the trial court takes additional evidence pursuant to Section 1010 of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. §11010, and exercises *de novo* review, our scope of review is limited

[2] Although the appeal was filed within thirty days of the board's decision, the record reveals (through Appellee's own testimony at the second hearing before the board) that Appellees did not appear at the initial hearing before the board, and thus they were not "parties aggrieved" within the meaning of §1007 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11007. *Lower Paxton Township v. Ficseler Neon Signs,* 37 Pa. Commonwealth Ct. 506, 391 A.2d 720 (1978). In their notice of appeal to the common pleas court they claimed inadequate notice as an excuse. They apparently proved this before the board or the court, as their appearance has been permitted. In any event, we must conclude that any argument against Appellees' standing to appeal has been waived due to Appellants' failure to raise it. *See Active Amusement Co. v. Zoning Board of Adjustment,* 84 Pa. Commonwealth Ct. 538, 479 A.2d 697 (1984).

[3] As required pursuant to Section 908 of the Pennsylvania Municipalities Planning Code, 53 P.S. §10908.

[4] We do not address the appropriateness of such a conditional order because neither the Appellees nor the township, who could have intervened but did not, appealed from the trial court's order.

to determining whether the court abused its discretion or erred as a matter of law. *Appeal of Conneaut* or erred as a matter of law. *Utility Constructors, Inc. et al. v. Sadsbury Township Supervisors et al.,* 86 Pa. Commonwealth Ct. 450, 485 A.2d 532 (1984). To establish entitlement to a variance, a landowner must show that the zoning regulation uniquely burdens his property so as to create an unnecessary hardship and that the variance will not have an adverse effect upon the public health, safety or welfare. *Rushford v. Zoning Board of Adjustment of Pittsburgh,* 81 Pa. Commonwealth Ct. 274, 473 A.2d 719 (1984); Section 912 of the MPC, 53 P.S. §10912.

Appellants argue that they met their burden of proof before the board and that reversal by the court was therefore both an abuse of discretion and erroneous as a matter of law.

The zoning hearing board based its decision largely on its findings of fact that a garage with a second story addition was a permitted use in an R-1 district, and that due to the physical circumstances of Appellants' property, it was not possible to construct such an addition in strict conformity with the zoning ordinance. The board concluded that a variance was therefore necessary to enable the reasonable use of the property.

As the court of common pleas correctly determined, such reasoning will not support the grant of a variance. The fact that a garage is permitted as an accessory use in an R-1 district does not mean that Appellants must be allowed to construct a garage on their property in order to utilize that property reasonably. The dimensional requirements of the ordinance must be honored unless Appellants meet their burden of demonstrating unnecessary hardship. This Court has stated that under Section 912 of the MPC proof that compliance with an ordinance will prohibit

the reasonable use of a property requires a showing that without the requested variance, the property will be rendered almost valueless. *Heisterkamp v. Zoning Hearing Board of the City of Lancaster,* 34 Pa. Commonwealth Ct. 539, 383 A.2d 1311 (1978). A review of the record reveals no evidence that Appellants' property will be rendered almost valueless ·without the addition. Furthermore, Appellants presented no evidence that the physical circumstances creating the hardship were, as is also required pursuant to Section 912, unique to the property as contrasted to being a hardship created by the provisions of the ordinance in Appellant's neighborhood or district generally.

Appellants next argue that since construction was virtually completed within the thirty day appeal period, and the Leopardi appeal was not filed until the last day of such period, requiring them to remove the addition now would constitute an unnecessary hardship. They cite *Herskovits v. Irwin,* 299 Pa. 155, 149 A. 195 (1930), for the proposition that they have acquired "vested rights" through the lawful issuance of the building permit and their expenditure of funds in reliance on it. The law has established quite clearly, however, that the holder of a permit cannot acquire vested rights prior to the expiration of the appeal period available to protestants, and that any expenditures made prior to such expiration are at the permit holder's risk. *Minnick v. Zoning Hearing Board, Town of McCandless,* 71 Pa. Commonwealth Ct. 333, 455 A.2d 243 (1983).[5]

Appellants contend that this limitation should not apply to them, because they are ordinary laypersons,

----

[5] We note that a five factor test has been developed to determine whether a landowner has acquired vested rights under a permit. *Petrosky v. Zoning Board of Upper Chichester Township,* 485

rather than professional developers, and because they proceeded without the advice of an attorney. They claim ignorance of any appeal period and argue that any reasonable landowner would have acted just as they did, relying on the official character of the building permit.

Although Appellants' position evokes sympathy, we must point out that there are competing interests at stake. To permit the premature reliance on a building permit to constitute the basis for affirming a variance which was unlawfully granted initially would in effect totally rob other affected landowners of an opportunity to appeal which is rightfully guaranteed to them by statute. The Pennsylvania Supreme Court has indicated that the operative question under these circumtances is whether the beneficiary of the zoning action knew or *should have known* that an appeal could be taken by anyone aggrieved by the zoning action in question. *Silverco, Inc. v. Zoning Board of Adjustment*, 379 Pa. 497, 109 A.2d 147 (1954). Interpreting *Silverco*, *Minnick* established that constructive knowledge of an appeal period will be imparted to a landowner unless he has established facts on the record which negate such knowledge. We do not consider what type of acts might succeed in doing this in another case, but we now hold that merely being a layperson and failing to consult an attorney are insufficient circumstances in themselves.[6] We can-

Pa. 501, 402 A.2d 1385 (1979). Although it is not clear that all five of the requirements set forth in *Petrosky* must be satisfied for rights to vest, it is clear under *Minnick* that expiration of the thirty day appeal period is a mandatory prerequisite.

[6] The factual scenario in *Silverco* establishes that protestants' failure to appear at an initial hearing is also an insufficient circumstance. Although *Silverco* is a pre-MPC case, we will agree with that result on the grounds that questions relating to notice or standing are not presently before us. *See supra*, note 2.

not place upon the protestants the penalty for Appellants' lack of foresight or ignorance of the law.

Finally, Appellants argue that the court of common pleas acted beyond its power in ordering Appellants to remove the addition (or part of the addition) if they were unable to obtain releases from their neighbors. They contend that because the matter was decided *de novo*, the court was limited to employing the powers possessed by the zoning board, which do not include remedial powers or the power to grant equitable relief.

Appellants refer us to Section 912 of the MPC, which sets forth the conditions under which a zoning hearing board may grant a variance, but which fails to provide for enforcement if a variance is denied. They argue that the zoning hearing board is limited to issuing an order denying the variance, and that subsequent enforcement against a violation of the ordinance can only be accomplished via a separate action in equity, instituted by the governing body pursuant to Section 617 of the MPC, 53 P.S. §10617. Their rationale is that a "teardown" order amounts to an equitable remedy, and that since a zoning hearing board does not have equitable jurisdiction, it is prohibited from imposing such an order. In support of this position, Appellants refer us to *Philadelphia v. Stradford Arms, Inc.*, 1 Pa. Commonwealth Ct. 190, 274 A.2d 277 (1971), wherein this Court stated that "[s]ince the Zoning Board of Adjustment does not have equity jurisdiction, it cannot grant injunctions or impose penalties. . . . [s]uch jurisdiction belongs to a Court of Common Pleas." *Id.* at 196, 274 A.2d at 280.

Strictly speaking, the statement in *Stradford* is correct; however, it does not preclude the action taken by the court in the instant case. A zoning hearing board is a quasi-judicial administrative agency,

and, as such, it has a statutory power which lies in *law*,[7] and which includes any remedial powers which have been expressly granted to it by statute or ordinance, or which are necessarily implied by the conferral of its express powers. *See Department of Environmental Resources v. Butler County Mushroom Farm*, 499 Pa. 509, 454 A.2d 1 (1982). Indeed, although an action in equity is sometimes available as a substitute for a zoning appeal, the general rule is that failure to exhaust the statutory procedures available will preclude such an action. *See Ragano v. Rigot*, 25 Pa. Commonwealth Ct. 428, 360 A.2d 779 (1976); *Young v. Board of Adjustment of Wilkinsburg*, 349 Pa. 450, 37 A.2d 714 (1944).

Section 912 of the MPC addresses the function of a zoning hearing board as though it were the tribunal of first resort for an applicant requesting a variance. However, pursuant to this section, preliminary application to the township zoning officer may be required by the board. This is the procedure contemplated under the Harmony Township Zoning Ordinance. Pursuant to Section 806 of this ordinance, the zoning hearing board is permitted to authorize a variance on appeal from the denial of a building permit by the zoning officer and, in connection with the exercise of this power, to "reverse or affirm, wholly or partly, or . . . modify, the order, requirement, decision or determination appealed from and [to] make such order, requirement, decision or determination as ought to be made." An order that "ought to be made" pursuant to this section is certainly whatever order will bring Appellants into compliance with the ordinance.

---

[7] *See Nagle v. Pennsylvania Insurance Department*, 46 Pa. Commonwealth Ct. 621, 406 A.2d 1229 (1979), *aff'd in part, Pechner, Dorfman, Wolffe, Rounick and Cabot v. Pennsylvania Insurance Department*, 499 Pa. 139, 452 A.2d 230 (1982).

Appellants also make an alternative challenge to the authority of the court of common pleas to issue the order under review. Referring us to Section 754 (b) of the Local Agency Law, 2 Pa. C. S. §754(b) for the current source of a court of common pleas' authority on appeal to reverse, affirm or modify a decision of a zoning hearing board,[8] they rely on *Derr Flooring Company, Inc. v. Whitemarsh Township Zoning Board,* 4 Pa. Commonwealth Ct. 341, 285 A.2d 538 (1972) and *Gulf Oil v. Warminster Township Board of Supervisors,* 22 Pa. Commonwealth Ct. 63, 348 A.2d 485 (1975) to augment their argument. In *Derr Flooring* we held that a court's authority to "modify" a zoning hearing board order did not include

---

[8] This power originally appeared in former §1009 of the Act of July 31, 1968, P.L. 805. Following the 1972 revision of the MPC by the Act of June 1, 1972, P.L. 333, similar language appeared in §1011(1) of the MPC. The power of the court to conduct *de novo* review appeared in §1009 prior to 1972 and in §1010 thereafter. The Act of October 5, 1978, P.L. 1067, revised §1011 so that it now applies only to challenges to the validity of an ordinance. There is currently no provision in the MPC which contains similar language with respect to ordinary appeals. Concerning this omission, Ryan states in his scholarly work that "the existence of a right of appeal invests the court by implication with power to affirm, reverse or modify the action appealed from, in whole or in part, with or without specific authorization. The same result flows directly from [Section 754(b) of the Local Agency Law], 2 Pa. C. S. §754, which grants to a court reviewing action by a 'local agency' . . . the broad remedial powers given to the appellate courts by [Section 706 of the Judicial Code] 42 Pa. C. S. §706." Ryan, *Pennsylvania Zoning Law and Practice,* §9.5.13 (1981). Ryan's interpretation is consistent with the Compiler's Note preceding Article X of the Fifth Edition of the MPC, which was prepared and issued by the Pennsylvania Department of Community Affairs in March of 1980. This Note states that venue is now covered exclusively by Section 933 of the Judicial Code, 42 Pa. C. S. §933. Section 933(a)(2) of the Judicial Code refers back to the Local Agency Law. Pursuant to Section 754(a) of the latter, however, the power to exercise appellate review does not come into play where the court of common pleas takes additional evidence. 2 Pa. C. S. §754(a).

the power to reverse the denial of a special exception and then impose restrictions and conditions upon the special exception. In *Gulf Oil*, the same reasoning was applied to prevent the imposition of conditions by the Court following its reversal of a township board of supervisor's refusal to approve a subdivision plan.

This argument is not only inconsistent with Appellants' first argument regarding the order, it is also based on an inaccurate premise. The power of a court of common pleas to "reverse, affirm or modify" the decision of the zoning hearing board on appeal only comes into play where the court is exercising *appellate* level review. As Appellants correctly noted in their previous argument, the trial court in this case took additional evidence and exercised *de novo* review, as permitted under §1010 of the MPC, 53 P.S. §11010. The reference by Appellants to a power to "modify, reverse or affirm" under the Local Agency Law is therefore inappropriate. As indicated above, the trial court was empowered to institute any remedy falling within the quasi-judicial power of the zoning hearing board. We note, however, that had this been an accurate characterization of the court's remedial powers, the power to "modify" an order of the zoning hearing board would certainly have permitted the order entered by the trial court. Unlike the orders in *Derr Flooring* and *Gulf Oil*, the order under consideration here constituted a straightforward directive to bring the building into compliance with the terms of the ordinance; no conditions were manufactured by the court.

We will therefore affirm the court of common pleas.

ORDER

Now, August 5, 1985, the order of the Court of Common Pleas of Beaver County, No. 2034 of 1981, dated November 17, 1982, is hereby affirmed.

CONCURRING AND DISSENTING OPINION BY SENIOR JUDGE KALISH:

I agree with the majority that the zoning board erred in issuing the variance. However, I respectfully dissent to the affirmance of the "teardown" order by the trial court.

While the trial court took additional testimony and heard the matter "de novo," its jurisdiction was based on an appeal from a zoning board. Section 1011 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11011, provides in pertinent part, that where an appeal is taken from a decision of the zoning board, the court may set aside or modify the decision or order appealed. Here the trial court chose to reverse the zoning board. Once it chose this form of action, it had nothing before it to modify. The zoning board itself could only have modified or reversed its own decision concerning the granting of a variance; however, the "teardown" order of the trial court can hardly be considered a modification. It is, in effect, an equity action. Section 617 of MPC, 53 P.S. §10617, expressly empowers municipalities to seek equitable relief to restrain violations. *Funk v. Township of Bensalem,* 17 Pa. Commonwealth Ct. 205, 342 A.2d 785 (1975), was just such an equity action. A complaint in equity was filed pursuant to section 617 wherein the court ordered the removal of a transmission tower the height of which violated the zoning ordinance. The court said, "After [a] determination by the administrative agency, the most effective way a zoning ordinance can be enforced is through an equity action." Accordingly, I would affirm in part and reverse in part.