625 A.2d 115

**GRAND CENTRAL SANITARY LANDFILL, INC.**

**v.**

**ZONING HEARING BOARD OF PLAINFIELD TOWNSHIP,**
and The Township of Plainfield, and Sarianne and
Ernest Albanese.

**Appeal of The TOWNSHIP OF PLAINFIELD, Appellant.**

**GRAND CENTRAL SANITARY LANDFILL, INC.**

**v.**

**ZONING HEARING BOARD OF PLAINFIELD TOWNSHIP**
and The Township of Plainfield, and Sarianne and
Ernest Albanese.

**Appeal of Sarianne and Ernest ALBANESE, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1992.

Decided April 29, 1993.

274

Peter C. Layman, for appellant Plainfield Tp.

Sarianne Albanese, for appellants Albanese.

Leonard N. Zito, for appellee.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

DOYLE, Judge.

This is a consolidated appeal from a decision by the Court of Common Pleas of Northampton County. That court held the Zoning Hearing Board of Plainfield Township (Board) had no jurisdiction to rehear a decision it had rendered on February 6, 1989, where there had been no appeal from that decision and the rehearing petition had not been filed until approximately one year later, even though the rehearing petition alleged that fraud and misrepresentations occurred at the original hearing.

The facts are as follows. In July 1987, Sarianne and Ernest Albanese complained to the Plainfield Township (Township) zoning officer that Grand Central Sanitary Landfill, Inc. (Grand Central), located on property adjacent to the Albaneses, was operating its landfill in violation of the 500 foot setback prescribed by the Township Zoning Ordinance. The zoning officer found that Grand Central was operating outside of the 500 foot setback, but determined that Grand Central's landfill operation was a preexisting nonconforming use and therefore not subject to the ordinance setback requirements. The Albaneses' appealed to the Board. On February 6, 1989, the Board affirmed the zoning officer's decision. The testimony on which the Board relied to establish the age and size of the nonconforming use was offered by Nolan Perin, whose family owns the land and operates the landfill. Perin's testimony consisted largely of oral statements about the Department of Environmental Resources (DER) permit filings, land use plans, business plans and maps which, according to Perin, showed that the tract adjacent to the Albaneses' property was included as part of the landfill operation. No appeal was taken from the Board's decision within the thirty-day time limit required by the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202 (MPC).

After some delay in receiving the Board's written decision, the Albaneses' took steps to ascertain the truth of Perins'

statements. They searched local land use filings and DER records and, concluding that Perin's testimony was false, filed a petition for reconsideration of the Board's February 6, 1989, decision. The petition was filed February 14, 1990. The Board determined that there were misrepresentations in the testimony and mistakes of fact made by the Board at the first hearing, entitling it to rehear the matter. Finding that the tract of land adjacent to the Albanese property was not part of the original nonconforming landfill operation, the Board reversed its February 1989 decision and determined that the adjacent tract was subject to the 500 feet setback. The Board's decision was announced orally at the conclusion of its August 7, 1990 meeting; the written decision was issued September 18, 1990.

█ Grand Central timely appealed the Board's decision to the common pleas court. The trial court found that the Board had no jurisdiction over the Albaneses' appeal after it rendered its final order in February 1989 because a zoning hearing board has no authority to reconsider its decisions. Accordingly, the court sustained Grand Central's appeal, reversed[1] the Board's September 18 order and "affirmed," i.e., reinstated the Board's February 6, 1989 order. The Albaneses and the Township (Intervenor in the petition for reconsideration) now appeal.

█ The Township and the Albaneses argue that the Board did have jurisdiction to rehear the case. This is a question of first impression.

We begin our analysis by reference to In re Leopardi, 516 Pa. 115, 532 A.2d 311 (1987), which held that the power and authority of a zoning hearing board is limited to that conferred by the legislature either expressly or by necessary implication. The Court said there:

The controlling principles regarding the power of a zoning hearing board are well established. Zoning boards are not

---

1. Technically, upon a finding that the Board had no authority to reconsider its decision, the trial court should have vacated, not reversed the September 18, 1990 order.

judicial but administrative bodies created by the grace of the legislature. See *Golla v. Hopewell Township Board of Supervisors,* 69 Pa.Commonwealth 377, 452 A.2d 273 (1982). Their power and authority is limited to that conferred expressly by the legislature, or by necessary implication. The limits of that power must be strictly construed.... A doubtful power does not exist.

*Id.* at 119, 532 A.2d at 313 (citations omitted).

There is no provision in the MPC which confers on zoning hearing boards the power to reconsider their decisions. However, the question remains whether that power exists by necessary implication when there is, as in this case, an allegation of fraud and misrepresentation. We hold that it does not exist.

Section 1001–A of the MPC, 53 P.S. § 11001–A,[2] provides that the sole remedy of the losing party is to appeal the decision of the zoning board to the court of common pleas. There is nothing in the MPC which provides for the grant of a rehearing at anytime.

In support of their argument that the zoning board does have the jurisdiction to grant a rehearing, the Albaneses and the Township cite *Ventresca v. Exley,* 358 Pa. 98, 56 A.2d 210 (1948). Relying on that decision, they argue that the MPC does not contain any *prohibition* against a rehearing. However, *Ventresca* was decided before the MPC was enacted in 1968 and reenacted and amended in 1988. *Leopardi [In re]* [516 Pa. 115, 532 A.2d 311 (1987) ] teaches us that the absence of a prohibition against the exercise of a particular power does not supply the power and authority that must be conferred "expressly or by implication."

Albanese and the Township also rely upon *Girolamo Appeal,* 49 Pa.Commonwealth Ct. 159, 410 A.2d 940 (1980), in which this Court extended the time for appeal to the common pleas court from a zoning board decision.

**2.** Section 1001–A was added by Section 101 of the Act of December 21, 1988, P.L. 1329.

However, the Honorable William F. Moran ably and adequately addressed the ramifications of that case in his opinion below, which we quote:

An instructive case concerning the proper procedure to raise the issues presented in the instant case is *In re: Appeal of Ralph Girolamo,* 49 Pa.Cmwlth. 159, 410 A.2d 940 (1980). In *Girolamo* appellant was granted a permit as an expansion of a nonconforming use, in that case, a grocery store. Appellant proceeded immediately to make renovations and opened a restaurant on the premises. The application for the permit submitted to the zoning hearing board and the hearing notice sent to interested parties, stated that appellant intended to convert the premises into additional grocery store space. No reference was made to use of the premises as a restaurant. Almost three months after the permit was granted, the owner of an adjoining premises, a Mr. Fekety, filed a zoning appeal with the Court of Common Pleas. Appellant moved to quash the appeal because it was not filed within thirty days of the board's action. After hearing argument, the trial court denied the motion to quash and allowed the appeal. Ultimately, the trial court reversed the board and revoked appellant's zoning permit holding that the appellant's use of the former apartment area was an additional and new nonconforming use, not an expansion of the nonconforming use of the premises as a retail store.

Appellant appealed to the Commonwealth Court alleging that Fekety's appeal should have been quashed by the trial court as untimely. The Commonwealth Court found that appellant had set forth in his application for the permit misleading information that was "tantamount to fraud." Further, Fekety did not know of appellant's intent until approximately twenty days prior to the filing of his appeal. The Commonwealth Court held that, under these circumstances, the Court of Common Pleas had the power to extend the thirty day period for taking appeals provided by M.P.C. § 11002–A.

The Albaneses find themselves in much the same position as Mr. Fekety in *Girolamo*. In fact, appellees herein argue that *Girolamo* supports their position that because of the misleading testimony of [the landfill operator], the board in the instant case had the power to rehear the appeal. Appellees fail to recognize a critical distinction in the procedure followed in *Girolamo* and the procedure followed in the instant case. In *Girolamo*, the aggrieved party filed an appeal with the Court of Common Pleas ... of the decision rendered by the zoning hearing board pursuant to Article IX of the M.P.C. This is the exclusive mode for securing review of any decision rendered by the zoning hearing board pursuant to Article IX of the M.P.C. ... There is no concurrent jurisdiction in the board to review such matters as those raised by Fekety in *Girolamo* and by the appellees in this case.

Slip op., pp. 7–8.

 While this conclusion may appear to leave the Albaneses without a remedy, one in fact exists. What was apparently done in *Girolamo* was that the common pleas court permitted Mr. Fekety to appeal *nunc pro tunc*. We believe that same remedy exists here. What the Albaneses should have done instead of petitioning the Board for reconsideration was file with the common pleas court a petition for permission to appeal *nunc pro tunc* from the Board's initial decision. In that petition they could have alleged fraud, a legitimate basis for *nunc pro tunc* relief.[3] The trial court then would have been entitled to make findings on the allegations contained in the *nunc pro tunc* petition, *Weiman*, and if the Court found such allegations to be true it could have vacated the Board's decision and then taken testimony on the merits or remanded the case for the Board to do so. *See* Section 1005–A of the

3. A *nunc pro tunc* appeal is permitted where the party requesting such relief demonstrates that its delay in filing was due to extraordinary circumstances involving fraud or some breakdown in the court's operation due to the default of its officers. *Weiman by Trahey v. City of Philadelphia*, 129 Pa.Commonwealth Ct. 25, 564 A.2d 557 (1989).

MPC,[4] 53 P.S. § 11005–A.

We are faced with the situation, however, where no *nunc pro tunc* petition has ever been presented to the trial court. Accordingly, we believe that the most appropriate remedy at this juncture is to remand [5] the case to the trial court with directions that it allow the Albaneses to file within thirty days of entry of our order a petition to appeal *nunc pro tunc*. If they do so the trial court should then determine whether the petition should be granted taking such evidence as it deems necessary in order to resolve that question. *Weiman.* And, if the trial court finds that a fraud has been been perpetrated, the Board's initial decision must be vacated and a new hearing held by either the Board or the common pleas court.[6]

## ORDER

NOW, April 29, 1993, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed insofar as it sustained the appeal of Grand Central Sanitary Landfill on the basis that the Zoning Hearing Board lacked jurisdiction to grant reconsideration. It is further affirmed insofar as it set aside the September 18, 1990 order of the Zoning Hearing Board as void.

This case is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

4. This section was added by Section 101 of the Act of December 21, 1988, P.L. 1329.

5. Section 706 of the Judicial Code, 42 Pa.C.S. § 706, allows us to remand for further proceedings in the interest of justice.

6. To expedite the matter we believe that evidence from the second "void" hearing could be moved into evidence at the new hearing.