IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philip P. Palencar, II,            :
                    Appellant      :
          v.                       :
                                   :   No.  1635 C.D. 2014
Hereford Township Zoning Hearing   :
Board                              :   Argued:  March 9, 2015
                                   :
          v.                       :
                                   :
Hereford Township                  :


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED:  October 14, 2015


          Philip P. Palencar, II, appeals from the August 20, 2014 order of the Court of Common Pleas of Berks County (trial court) dismissing his appeal from a decision of the Hereford Township (Township) Zoning Hearing Board (ZHB).  The trial court determined that, because Palencar failed to file a written appeal from a Stop Order/Notice of Violation/Enforcement Notice (enforcement notice) to the ZHB, as required by statute and Township ordinance, the ZHB lacked jurisdiction to consider his appeal, and consequently, the trial court was without jurisdiction to hear Palencar's appeal from the ZHB's adverse determination.

          The relevant facts are as follows.  On October 25, 2013, the Township's Code Enforcement Officer issued an enforcement notice which informed Palencar

that a pergola-type structure erected on his property and retail sales that were occurring on the property required permits pursuant to sections 1502 (zoning permits), 1503 (certificate of use and occupancy), and 502 (use regulations) of the Township's ordinance. The enforcement notice advised Palencar that, in order to abate the violations of those ordinance provisions, he must immediately cease the retail sales on the property until a permit for such activity is issued, and he must either submit a permit application for the pergola structure within thirty days or remove it from the property. Further, the enforcement notice informed Palencar that he had a right to appeal the enforcement notice to the ZHB within 30 days and could obtain an application for a zoning hearing at the Township office. (Reproduced Record (R.R.) at 2-4.)

On November 12, 2013, Palencar submitted a "Uniform Application/Appeal," a four-page document that is used to request a hearing before the Board of Supervisors and/or the ZHB. (R.R. at 5.) Section IV of the form ("Type of proceeding(s)") directs an applicant for a hearing to check off any of the ten paragraphs that follow to indicate the reasons the hearing is requested. Palencar checked paragraph 1, which states that a variance is requested, and specifically requested a variance from section 502 of the Township's zoning ordinance. He did not check paragraph 6, which states that a hearing is requested for an appeal from an enforcement notice, or paragraphs 5 or 10, also relating to appeals.

In a November 21, 2013 email to ZHB Solicitor Elizabeth Magovern, (R.R. at 11), Larry Sager, Esquire, Palencar's attorney, confirmed their earlier discussion that the application was amended to reflect that Palencar was also requesting variance relief from section 1803.L of the Ordinance and asserting that he

2

has a right to use the property for the sale of pumpkins under the "Right to Farm Act."[1]  (ZHB's Finding of Fact No. 4.)

The ZHB published notices of the hearing scheduled for January 30, 2014, advising that the ZHB would consider Palencar's application for variances and his appeal "from the zoning officer's determination" that a violation of the ordinance had occurred on the property.  (R.R. at 12.)

At the start of the hearing, ZHB Solicitor Magovern announced that Palencar was requesting variances and appealing the enforcement order.  She then asked Attorney Sager to present his case.  Attorney Sager responded: "The interesting thing is, you have indicated that there is an appeal with respect to the cease and desist order, a stop order, under the circumstances.  So I believe that appropriately the township should proceed with the burden as to the violation purported."  (Notes of Testimony (N.T.) at 10.)

Eventually the ZHB heard testimony and received other evidence. During the proceedings, Palencar withdrew his requests for variance relief.  Palencar admitted having the pergola on his property and selling pumpkins, among other things, while Attorney Sager insisted that such conduct was legal under "the Farm Act."  At the conclusion of the hearing, the ZHB found that Palencar violated the ordinance by erecting a structure on his property without a permit and by using the property for retail sales and voted to uphold the enforcement notice.

In its written decision dated March 13, 2014, the ZHB found that Palencar filed an application for a variance under section 502.A of the Township ordinance and that, as reflected by a November 21, 2013 email, Attorney Sager

---

[1] The Act of June 10, 1982, P.L. 454, *as amended*, 3 P.S. §§951 – 957, is commonly known as the Right to Farm Act.

3

subsequently amended the application to request an additional variance and assert rights under the Right to Farm Act. (ZHB's Findings of Fact Nos. 3-4.) The ZHB further found that "Upon receipt of the email, Attorney Sager clarified through a telephone conversation with the Zoning Hearing Board Solicitor that he also wanted to amend the Application to appeal the October 25, 2013, Zoning Officer's determination." (ZHB's Finding of Fact No.4.)

Palencar appealed to the trial court. During argument before the trial court, the Township, for the first time, raised the issue of whether the ZHB had jurisdiction to decide Palencar's appeal of the enforcement notice. The trial court denied Palencar's appeal on the ground that he failed to file a written appeal to the ZHB and, therefore, the ZHB lacked authority to consider his appeal from the enforcement notice. The trial court noted that the ZHB has exclusive jurisdiction to hear "appeals from a determination of a zoning officer, including . . . the issuance of any cease and desist order,"[2] and that such appeals to the ZHB "may be filed in writing" by the affected landowner. Section 913.3 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10913.3.

The trial court observed that the MPC requires the ZHB's procedural rules to be consistent with ordinances of the municipality and the laws of the Commonwealth. Section 906 of the MPC, 53 P.S. §10906. As authorized by statute, section 1604 of the Hereford Zoning Ordinance establishes the rules of procedure for appeals to the ZHB and states that all "appeals [and] applications for hearing to the Board shall be in writing on forms prescribed by the Board and shall be submitted to the Secretary of the Board." (R.R. at 100.) The written appeal must be timely filed

---

[2] Section 909.1(a)(3) of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10909.1(a)(3).

4

with the Secretary, consistent with the statutory requirement that "all appeals from [ZHB] determinations adverse to the landowners shall be filed . . . within 30 days after notice of the determination is issued." Section 914.1(b) of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10914.1(b).

The trial court concluded that, notwithstanding the ZHB Solicitor's apparent interpretation to the contrary, the November emails and telephone calls did not comply with the procedural requirements of the ordinance or the statute, and the fact that the ZHB held a hearing did not cure the defect in the filing of Palencar's appeal. The trial court determined that the ZHB lacked jurisdiction to hear Palencar's appeal, and, consequently, the trial court also lacked jurisdiction to consider it.

On appeal to this Court, Palencar argues that the trial court erred in determining that the ZHB lacked subject matter jurisdiction with respect to his appeal from the Township's enforcement notice. Whether the ZHB had subject matter jurisdiction over Palencar's appeal is a question of law as to which our standard of review is *de novo* and the scope of review is plenary. *Seitel Data, Ltd., v. Center Township and Center Township Board of Supervisors*, 92 A.3d 851, 859 (Pa. Cmwlth. 2014).

In relevant part, section 909.1 of the MPC vests exclusive jurisdiction in the ZHB as follows:

Section 909.1 - Jurisdiction

(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

* * *

(3) Appeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor, the

5

issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot.

\* \* \*

(5) Applications for variances from the terms of the zoning ordinance and flood hazard ordinance or such provisions within a land use ordinance, pursuant to section 910.2.

53 P.S. §10909.1(a)(3), (5).

Section 913.3 of the MPC states:

*Appeals under section 909.1(a)(1), (2), (3), (4), (7), (8) and (9) may be filed with the board in writing* by the landowner affected, any officer or agency of the municipality, or any person aggrieved. Requests for a variance under section 910.2 and for special exception under 912.1 may be filed with the board by any landowner or any tenant with the permission of such landowner.

53 P.S. §10913.3 (emphasis added). Consistent with that statutory provision, section 1604.A of the Township's ordinance states that *"[a]ll appeals, challenges, and any other applications for hearing to the Board shall be in writing* on forms prescribed by the Board and shall be submitted to the Secretary of the Board." (R.R. at 100) (emphasis added).

Palencar first argues that the proper analysis is not whether the ZHB had jurisdiction over the appeal but, rather, whether an appeal from the enforcement notice was perfected. Palencar asserts that the ZHB had jurisdiction to decide that question, and that the ZHB did, in fact, decide that Palencar timely perfected an appeal from the enforcement notice. Based on these assertions, Palencar argues that a challenge to the determination that his appeal was perfected is now barred by the doctrine of *res judicata*.

6

In support, Palencar cites the ZHB's Finding of Fact No. 4, which states that Attorney Sager "clarified through a telephone conversation with the ZHB Solicitor that he also wanted to amend the Application to [include an] appeal," and the ZHB's legal conclusion that it "has jurisdiction to decide this land use Application pursuant to Section 1602 of the Zoning Ordinance and the [MPC], 53 P.S. Section 10909.1." (ZHB's Conclusion of Law No. 1.) Palencar also emphasizes that the ZHB's public notice stated that the hearing would address the appeal from the enforcement notice, and the ZHB took evidence and decided the enforcement appeal following the hearing.

We reject the argument that *res judicata* applies on appeal to this Court, where there has yet to be a final decision on the merits.[3] Moreover, whether the facts satisfy the statutory requirements to perfect an appeal is a question of law, and the ZHB's factual finding that Palencar orally expressed a desire to amend his application does not bar this Court's examination of that legal issue. Additionally, the provision cited in the ZHB's Conclusion of Law No. 1 sets forth the ZHB's jurisdiction over numerous matters, including variance applications, which is what Palencar's written application requested, and does not identify the enforcement appeal.

The Township argues that the issue is one of subject matter jurisdiction, which is not waivable. *Fayette County Office of Planning v. Fayette County Zoning Hearing Board*, 981 A.2d 336, 340 (Pa. Cmwlth. 2009); *Reserve v Zoning Hearing Board*, 468 A.2d 872, 874 n.3 (Pa. Cmwlth. 1983). The Township further maintains that a failure to timely file a written appeal to the ZHB, as required by the MPC and the Township's ordinance, cannot be cured by the mistaken belief of the parties.

---

[3] "*Res judicata* literally means a matter adjudged or a thing judicially acted upon or decided." *McCarthy v. Township of McCandless*, 300 A.2d 815, 819 (Pa. Cmwlth. 1973).

By way of analogy, the Township relies on *Pennsylvania Commercial Drivers Conference v. Milk Control Commission*, 62 A.2d 9 (Pa. 1948), in which the Supreme Court held that parties could not confer standing on an organization by stipulation. This Court also has expressly held that a court's jurisdiction can neither be enlarged nor limited by stipulation of the parties. *Conyer v. Norristown*, 428 A.2d 749, 751 (Pa. Cmwlth. 1981); *George A. Fuller Co. v Pittsburgh*, 327 A.2d 191, 194 (Pa. Cmwlth. 1974); *DeCarbo v. Elwood City*, 284 A. 2d 342, 344 (Pa. Cmwlth. 1971).

The Township notes that its ordinance expressly requires an appeal to be submitted in writing to the Secretary of the Board and does not designate oral communication or even filing with the ZHB's solicitor as an alternative. The Township argues that even if an email from Palencar's counsel could be considered a "writing," communication with the ZHB's solicitor is insufficient to perfect an appeal. Additionally, the Township points out that the emails make no mention of an "appeal" or the enforcement notice.

Upon review, we conclude that the record compels the conclusion that the appeal was, in fact, perfected.

In *Swarey v. Limestone Township Zoning Hearing Board*, No. 03-00, 495 (Lycoming Cnty. 2003), the court reversed a zoning hearing board's ruling and held that an appeal filed via FAX was sufficient to perfect a timely appeal. Noting that the zoning ordinance required a notice of appeal form to be used, the court declined to elevate form over substance, explaining as follows:

> '[T]he rules of procedure must be liberally construed so as to guaranty that actions [are] resolved in a just, speedy and inexpensive manner . . . .' *Delverme v. Pavlinsky*, 592 A.2d 746, 748 (Pa. Super. 1991) (The Superior Court applied a broader interpretation of procedural rules involving an

> appeal from a district justice decision.) Taking guidance from *Delverme* on how procedural rules should be interpreted, the Court believes that the November 27, 2002 faxed notice of appeal substantially complied with the zoning ordinance. Upon examining the information requested in the form and that submitted by the faxed notice of appeal, it is clear that the faxed notice of appeal has provided the information that is requested in the form. At argument before this Court the ZHB and Township counsel acknowledged the adequacy of the appeal documents as to supplying all the information required in the appeal form (and more). It would not stand to reason that the appeal should be dismissed solely on the basis that the information requested was not provided in the blank spaces of a prearranged form sheet.

*Swarey*, slip op. at 8-9.

In this case, the essential facts are not in dispute. Palencar filed the appropriate form to request a hearing; he checked the box for a variance and he also specifically cited the sections of the ordinance referenced in the enforcement notice; the ZHB Solicitor was contacted before the hearing; the ZHB determined that the appeal had been perfected; it published notice that it would hear an appeal from the enforcement notice; and it held a hearing. In fact, the ZHB, through its counsel, announced that the appeal from the enforcement order was the first issue to be considered at the hearing, and the Township raised no objection and presented evidence on the matter. The matter was heard, and all issues were considered by the ZHB in its decision. Based on these facts, we conclude that an individual could reasonably rely on these circumstances, and the ZHB's conduct in particular, to believe that he had accomplished the amendment of his application.

Indeed, because the circumstances unquestionably establish that all parties understood that the appeal form had been effectively amended by the ZHB, like the trial court in *Swarey*, we decline to allow form to prevail over substance. We

9

further conclude that, in the interests of justice, the most appropriate remedy is to vacate the trial court's order and remand this matter to the trial court, with instructions to consider the merits of Palencar's appeal. 42 Pa.C.S. §706; *Grand Central Sanitary Landfill, Inc. v. Zoning Hearing Board of Plainfield Township*, 625 A.2d 115 (Pa. Cmwlth. 1993).[4]

In accord with section 706 of the Judicial Code, 42 Pa. C.S. §706, which authorizes an appellate court to remand a matter or require further proceedings to be had "as may be just under the circumstances," we vacate the trial court's order and remand the matter to the trial court for a decision on the merits of Palencar's appeal, based upon the record made before the ZHB.

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] In *Grand Central Sanitary Landfill,* the common pleas court determined that the zoning hearing board of Plainfield Township (Board) lacked jurisdiction to rehear a decision it had rendered on February 6, 1989, where there had been no appeal from that decision and the rehearing petition had not been filed until approximately one year later, even though the rehearing petition alleged that fraud and misrepresentations occurred at the original hearing. Ultimately, this Court held that, instead of petitioning the Board for reconsideration, the appellants should have filed a request with the common pleas court for permission to appeal the Board's decision *nunc pro tunc*. In that petition, they could have alleged fraud, a legitimate basis for *nunc pro tunc* relief. We explained that the trial court then would have been able to make findings on those allegations and, if found to be true, could have vacated the Board's decision and taken testimony on the merits or remanded the case for the Board to do so.

After considering the totality of the circumstances, and noting that section 706 of the Judicial Code, 42 Pa.C.S. §706, allows us to remand for further proceedings in the interest of justice, we concluded that the most appropriate remedy was to remand the case to the trial court with directions that it allow the appellants to file a petition to appeal *nunc pro tunc* within thirty days of entry of our order. We also recommended that, to expedite the matter, evidence from the second "void" hearing could be moved into evidence at the new hearing.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philip P. Palencar, II,  :
               Appellant  :
       v.  :
                              :  No. 1635 C.D. 2014
                              :
Hereford Township Zoning Hearing  :
Board  :
                              :
       v.  :
                              :
Hereford Township  :

## ***ORDER***

AND NOW, this 14th day of October, 2015, the order of the Court of Common Pleas of Berks County (trial court), dated August 20, 2014, is vacated, and this matter is remanded to the trial court for a decision on the merits based on the existing record.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philip P. Palencar, II,          :
                    Appellant    :
                                 :
        v.                       :
                                 :
Hereford Township Zoning         :
Hearing Board                    :
                                 :
        v.                       :
                                 :   No. 1635 C.D. 2014
Hereford Township                :   Argued:  March 9, 2015

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE McGINLEY                      FILED:  October 14, 2015

        I respectfully dissent to the Majority's conclusion that "because the circumstances unquestionably establish that all the parties understood the appeal to have been perfected, like the trial court in Swarey [v. Limestone Township Zoning Hearing Board, No. 03-00, 495 (Lycoming Cnty. 2003)], we decline to allow form to prevail over substance."  Slip Opinion at 9.  "We further conclude that, in the interests of justice, the most appropriate remedy is to vacate the trial court's order and remand the matter to the trial court, with instructions to consider the merits of [Phillip P.] Palencar's [II] appeal." (Citations and footnote omitted.)  Slip Opinion at 9.

        In City of Pittsburgh v. Silver, 50 A.3d 296 (Pa. Cmwlth. 2012), this Court stated:

The issue of subject matter jurisdiction may be raised by the parties at any stage of the proceedings or by the court *sua sponte*. <u>Lack of subject matter jurisdiction of a court or administrative tribunal to act in a matter is an issue that neither can be waived by the parties, nor can the parties confer subject matter jurisdiction on a court or tribunal by agreement or stipulation.</u> (Emphasis added.)

<u>Id.</u> at 299 n.9, quoting <u>Greenberger v. Pennsylvania Insurance Department</u>, 39 A.3d 625, 629-30 n.5 (Pa. Cmwlth. 2012) (Citations omitted.)

In the present controversy, the trial court addressed the issue of subject matter jurisdiction:

> <u>The plain language of 53 PA. C.S [sic]§ 10913.3 read in conjunction with Zoning Ordinance #2009-04 make it clear with mandatory language that all appeals shall be submitted to the Secretary of the Board on forms prescribed by the Board within 30 days after notice of the determination.</u> Thus although the ZHB did in fact conduct a hearing and heard testimony and argument on the appeal of the determination on January, <u>the ZHB lacked subject matter jurisdiction rendering the ZHB's decision moot</u>. The phone conversation and subject email between Appellant's [Palencar's] attorney and the ZHB Solicitor do not save Appellant [Palencar] here, as strict compliance with Zoning Ordinance #2009-04 is required to perfect an appeal.
> . . . .
> In the present case as in Johnston [v. Upper Macungie Township, 638 A.2d 408 (Pa. Cmwlth. 1994)], <u>the Appellant [Palencar] failed to timely file a written appeal</u>. The appeal was required to be filed with the ZHB Secretary within 30 days of

BLM-2

October 25, 2013, the date that the Zoning Officer issued the Notice of Violation/Enforcement Notice. The November 12, 2013 application for Use Variance which Appellant [Palencar] filed did not in any way include an appeal of the October 25, 2013 Notice of Violation/Enforcement Notice. Notwithstanding the ZHB Solicitor's apparent interpretation to the contrary, the Court finds that the November 21, 2013 phone conversation and subsequent email between Appellant's [Palencar's] attorney and the ZHB Solicitor do not comply with the requirements of 53 Pa. C.S. [sic] 10906(c) and Ordinance §1604.A. Additionally, the fact that the hearing in front of the ZHB included testimony and argument regarding the determination appeal does not cure the defect in the filing of the appeal.

. . . .

The Court finds that Palancer [sic] did not file an appeal with the Secretary of the ZHB on forms prescribed by the ZHB within 30 days after receiving notice of the determination. The ZHB's jurisdiction was never invoked. Because the ZHB lacked subject matter jurisdiction, this Court lacks jurisdiction to hear Palancer's [sic] appeal. (Emphasis added.)

Opinion of the Trial Court, November 5, 2014, at 5-7.

Here, Palencar's attorney and the ZHB's Solicitor did exactly what Silver prohibited, they attempted to confer subject matter jurisdiction on the ZHB and the trial court pursuant to their phone conversation and email. Clearly, such an attempt by the parties cannot circumvent the prescribed rule that all appeals must be submitted to the Secretary of the Board on the

BLM-3

appeal forms[1] within thirty days following the notice of determination.  See Opinion of the Trial Court at 5.

Because a variance request is completely different than appealing a violation notice, I would affirm the decision of the trial court.

_____
BERNARD L. McGINLEY, Judge

---

[1] The majority noted that Palencar "did not check paragraph 6, which states that a hearing is requested for an appeal from an enforcement or paragraphs 5 or 10, also relating to appeals."  (Emphasis added.)  Slip opinion at 2.