Dear John B. Norris, III, Esquire
Your predecessor asked whether it would be a "conflict of interest" for one attorney from the Office of the County Attorney to represent a County official or agency in an administrative appeal before the County Board of Appeals while another attorney from that Office advises the Board of Appeals.
Issues of legal ethics, as well as due process concerns, may be raised when two attorneys from the same government office act, respectively, as adviser to an administrative tribunal and as advocate before that tribunal in the same matter. However, in our opinion, those concerns are resolved if the County Attorney's Office employs procedures designed to ensure the fairness of the administrative process.[1]
 I Background A. Board of Zoning Appeals
The St. Mary's County Board of Appeals is established under the zoning enabling law set forth in the Annotated Code of Maryland, Article 66B, § 4.07, 14.07(d) and the St. Mary's County Comprehensive Zoning Ordinance ("Zoning Ordinance"), § 20.3.[2] The Board consists of five members, and one alternate, appointed by the Board of County Commissioners. Zoning Ordinance § 20.3.
The jurisdiction of the Board of Appeals is limited to land use matters. It decides applications for special exceptions, conditional uses, and variances as a matter of first impression. See
Article 66B, § 4.07(d)(2), (3); Zoning Ordinance, Figure 20.1.[3] In other proceedings, the Board of Appeals acts as an appellate body, reviewing the administrative and enforcement decisions of County officials and agencies.
See Article 66B, § 4.07(d)(1); Zoning Ordinance, Figure 20.1; §§ 20.3(4), 23.1.
The Board of Appeals conducts quasi-judicial hearings that are open to the public and at which any person may testify. The Chairman of the Board is authorized to administer oaths and compel attendance of witnesses. Zoning Ordinance § 20.3(5). We understand that a typical appeal is conducted as a de novo adversarial hearing. The Planning Director presents a planning staff report that outlines the basis for his or her decision. Testimony and other evidence is received from applicants and other interested parties.
Witnesses are cross-examined. Closing statements are usually made. In addition, the floor is opened to general public comment.
Following the hearing, the Board of Appeals may affirm, reverse, or modify, in whole or in part, the order or decision under review.[4]
In addition, the Board may issue its own order or decision as it has "all the powers of the administrative officer from whom the appeal is taken." Article 66B, § 4.07(h); Zoning Ordinance § 20.3(6). A decision of the Board is a final administrative decision that may be appealed to the circuit court. See Article 66B, § 4.08; Zoning Ordinance §§ 20.3(7), 23.5.
In light of the complexity of land use decisions and the importance of ensuring proper administrative proceedings, the assistance of counsel is valuable and, in some cases, essential for both the County agencies that participate in the proceedings and the Board of Appeals itself.
B. Office of the County Attorney
The County Attorney's Office is small. In recent years it has consisted of two or three full-time attorneys. The Office represents the Board of County Commissioners, the County governing body, as well as the agencies, boards, and commissions that are part of the County government. Included among those entities are agencies involved in land use the Board of Appeals, the County Planning Commission, and the Department of Planning and Zoning.
When a decision of a County agency such as the Planning Department is appealed to the Board of Appeals, both the agency and the Board generally require the assistance of counsel. We understand that, typically, the senior attorney in the County Attorney's Office advises the Board of Appeals and another attorney from the Office represents the County agency whose decision is the subject of the appeal.
On occasion, however, when the budget permits, the Office of the County Attorney has engaged the services of a contract attorney to advise the Board of Appeals in place of a full-time attorney from the County Attorney's Office.
 II Analysis
We are not aware of any Maryland authority addressing the propriety of one member of a county attorney's office advising a county board of appeals while another attorney from the same office appears as an advocate before the board on behalf of a county agency. Potential conflicts involving attorneys are usually resolved by reference to the ethical rules governing attorneys. In addition, a possible conflict affecting an administrative decision-maker may call into question the fairness of the administrative process and raise due process concerns.
A. Rules of Professional Conduct
The ethical rules governing Maryland attorneys are set forth in the Maryland Rules of Professional Conduct, as adopted by the Court of Appeals. Maryland Rule 16-812, Appendix. There is no question that an attorney for a government entity, such as St. Mary's County, is subject to those rules.
1. Conflicts of Interest
Rule 1.7 sets forth the general rule on conflicts of interest:
 (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
 (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) each client consents after consultation.
Other portions of the rule concern the imputation of conflicts when an attorney leaves or joins a firm. (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
 (1) the lawyer reasonably believes the representation will not be adversely affected; and
(2) the client consents after consultation.
 (c) The consultation required by paragraphs (a) and (b) shall include explanation of the implications of the common representation and any limitations resulting from the lawyer's responsibilities to another, or from the lawyer's own interests, as well as the advantages and risks involved.
In some circumstances, even the appearance of a conflict may result in a violation of Rule 1.7. Attorney Grievance Comm'n v. Hines, 366 Md. 277,292, 783 A.2d 656 (2001).
Subject to limited exceptions, when a lawyer is disqualified under Rule 1.7 from representing a client, other lawyers in the same law firm are also disqualified. See Rule 1.10.[5] "Firm" or "law firm" is defined for purposes of the Rules as "a lawyer or lawyers in a private firm, lawyers employed in the legal department of a corporation or otherorganization and lawyers employed in a legal services organization." Maryland Rules of Professional Conduct, Preamble: Terminology; Rule 1.10comment (emphasis added). A county attorney's office appears to come within this definition. See Maryland State Bar Association, Committee on Ethics, Ethics Docket 89-3 (concluding that county attorney's office is a "firm" for purposes of Rule 1.10 in addressing conflict involving county attorney's part-time private practice).
2. Application of Conflicts Rules to Government Attorneys
The Maryland Rules of Professional Conduct, however, acknowledge that the conflicts rules may not apply to government lawyers in the same way they do to attorneys in private practice. The introductory section of the rules states that "lawyers under the supervision of [government legal officers] may be authorized to represent several government agencies in intragovernmental legal controversies in circumstances where a private lawyer could not represent multiple private clients. They also may have authority to represent the `public interest' in circumstances where a private lawyer would not be authorized to do so. These Rules do not abrogate any such authority." Maryland Rules of Professional Conduct,Preamble: Scope. Disqualification by imputation is an area where government law offices have traditionally been afforded different treatment.[6] This is due, at least in part, to the nature of the government client.
3. Identifying the Government Attorney's Client
For a government attorney, the "client" may be viewed more broadly than the specific agency or official that the lawyer is representing or advising. Rule 1.13 of the Rules of Professional Conduct concerns organizational clients. It provides that "[a] lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." Rule 1.13(a). The rule further provides that a lawyer representing an organization may also represent its constituents, subject to the conflict rules in Rule 1.7. Rule 1.13(e). The commentary to Rule 1.13 states that, while the rule generally applies to government organizations, the "duties of lawyers employed by the government. . . may be defined by statutes and regulation." Rule 1.13 comment. The commentary also acknowledges that "defining precisely the identity of the client and prescribing the resulting obligations of such lawyers may be more difficult in the government context. Although in some circumstances the client may be a specific agency, it is generally the government as a whole." Id. See also 2 Restatement (Third) of the Law Governing Lawyers§ 97 Comment c (2000) ("client" of government attorney may vary, depending on circumstances such as terms of attorney's employment, scope and nature of services, particular regulatory arrangements relevant to attorney's work, and history and tradition of the office).
In a prior opinion, this Office discussed the "client" of the St. Mary's County Attorney. 82 Opinions of the Attorney General ___ [Opinion No. 97-028 (December 16, 1997)]. That opinion primarily concerned whether the County Attorney could appropriately invoke the attorney-client privilege to withhold information from public disclosure. Citing Rule 1.13, the opinion concluded that the corporate entity that is, the County government as a whole is the County Attorney's client, that various officials and employees of the County are agents of that entity when acting within the scope of their authority, and that, under appropriate circumstances, the County Attorney may be required to assert the attorney-client privilege or other privileges on behalf of the County. However, that opinion did not address whether the County Attorney might have a conflict in representing diverse units of County government, such as the Board of Appeals and a County department whose decision is at issue before the Board.
In general, a unit of county government, such as a planning department, is considered an agent of the county and not a distinct client for purposes of conflict of interest analysis. However, the courts have recognized an exception to this general rule "when the agency lawfully functions independently of the overall entity." See CivilService Comm'n of San Diego County v. Superior Court, 163 Cal.App.3d 70,78, 209 Cal.Rptr. 159 (1984) (disqualifying county counsel from representing county in dispute with quasi-independent civil service commission that county counsel had also advised); cf. Zoning Hearing Bd.of Uniontown v. City Council of Uniontown, 720 A.2d 166, 168-79
(Pa.Cmwlth. 1998),appeal dismissed, 560 Pa. 556, 746 A.2d 1116 (2000) (municipal zoning board, rather than city council, entitled to select separate counsel because, under Pennsylvania law, zoning board is an adjudicatory tribunal independent of city council). See also Maryland State Bar Association, Committee on Ethics, Ethics Docket No. 88-35 (declining to decide whether there was conflict of interest in attorney's simultaneous representation of both local planning board and local board of zoning appeals, on ground that relationship between the two boards was a question of law beyond the purview of the committee).
While the St. Mary's County Board of Appeals is a County agency, it is not an agent of the County Commissioners in the same respect as the Planning Department. Although the members of the Board of Appeals are appointed by the County Commissioners, the Board is a quasi-judicial body that exercises independent decision-making authority.[7] Only a court can reverse a decision of the Board of Appeals.
Thus, a reasonable argument can be made that the Board should be considered a separate client from the Planning Department. If the County Attorney's representation of the Board were "directly adverse to" or "materially limited by" the Office's representation of the Planning Department, there likely would be a conflict within the meaning of Rule 1.7. But that conclusion would not resolve the propriety of dual representation.
Even if two government entities are considered separate clients under the Rules of Professional Conduct, other law creating a government law office or describing its duties may authorize or require dual representation. Moreover, the "conflict" addressed by those rules concerns only the possibly divergent interests of the two government entities — a conflict that can be waived by the government entities themselves. The Rules of Professional Conduct do not address the separate issue of fairness to third parties who are involved in an administrative proceeding involving the two entities.
B. Fairness of Administrative Process
The propriety of the simultaneous representation by a government law office of several agencies does not depend entirely on whether possibly distinct agency clients might have divergent interests that the law recognizes. In particular, the propriety of one lawyer from a county attorney's office advising an administrative tribunal, while another lawyer acts as advocate before that tribunal, may depend on whether the dual representation undermines the integrity of the administrative process.
In a 1974 opinion, Attorney General Burch considered whether it was proper for one Assistant Attorney General to act as legal adviser to the State Board of Public Accountancy while another presented evidence before the Board during an administrative proceeding. After reviewing the constitutional role of the Attorney General and a statutory requirement that agencies obtain legal representation from the Attorney General's Office, he concluded that "[t]he roles of presenter of evidence and legal adviser. . . are duties imposed by law and without impropriety when thereis no unfairness in fact." 59 Opinions of the Attorney General 10, 14 (1974) (emphasis added), citing Reddick v. State Commissioner ofPersonnel, 213 Md. 195, 200, 131 A.2d 464 (1957).[8]
The Court of Special Appeals reached a similar conclusion nine years later in Comm'n on Medical Discipline v. McDonnell, 56 Md. App. 391,407, 467 A.2d 1072 (1983), rev'd on other grounds, 301 Md. 426, 483 A.2d 76
(1984). In that case, a physician had been sanctioned by the Commission on Medical Discipline following an administrative proceeding. He sought reversal of the sanction on the ground, among others, that the Attorney General's Office had acted as both administrative prosecutor and adviser to the Commission. The Court noted that the dual role of the Attorney General, as both adviser to the Commission and prosecutor of cases before that body, was mandated by the State Constitution and statutes. The Court also noted that the Attorney General had separated the two roles by assigning certain assistants to serve as advisers and other assistants to act as prosecutors in adjudicatory hearings, and by issuing guidelines to ensure that each group was independent of the other. Citing Reddick, the Court held that "[d]epending upon the nature of those guidelines and the extent to which they were followed. . ., such separation of functions may have been sufficient to avoid unfairness." 56 Md. App. at 407. See alsoConsumer Protection Div. v. Consumer Publishing Co., 304 Md. 731, 763,501 A.2d 48 (1985) (combination of both investigative and adjudicatory functions within the Consumer Protection Division did not violate due process where individuals responsible for adjudicatory function did not participate in investigation stage of proceeding).
A similar conclusion was reached in a California decision, which held that an asserted conflict of interest within a government law office would be resolved if appropriate screening mechanisms were adopted.Howitt v. Superior Court, 3 Cal.App.4th 1575, 5 Cal.Rptr.2d 196 (1992). In that case, a deputy sheriff challenged his transfer and suspension before the county employment appeals board, a quasi- independent administrative tribunal charged with adjudicating disputes between the county and county employees. At the hearing, the sheriff's department was represented by the deputy county counsel, while the appeals board was advised by the county counsel. The deputy sheriff sought to have the county counsel disqualified from advising the board.
The California Court of Appeal held that the county counsel's office could represent a county agency in an adversarial hearing while, at the same time, serving as legal adviser for the decision-maker, provided that the representation followed certain guidelines. 3 Cal.App.4th at 1579. The court derived those guidelines, not from the state rules of professional conduct for lawyers, but from due process principles requiring an impartial decision-maker.[9] Id. at 1580. The court concluded that one attorney from the county counsel's office could advise the administrative decision-maker while another attorney from the same office acted as advocate before the tribunal, "only if there are assurances that the adviser for the decision-maker is screened from any inappropriate contact with the advocate. . . [T]he burden of providing such assurances must rest on the law office performing the dual roles. . ." 3 Cal.App.4th at 1586-87. The court added that the county need not create "functionally separate offices to advocate and advise. It should be sufficient if the lawyer advising the Board has no potential involvement in or responsibility for the preparation or presentation of the case." 3 Cal.App.4th at 1587 n. 4.
C. Summary
In our view, the Rules of Professional Conduct do not preclude one attorney in the County Attorney's Office from representing the County Planning Director or the Planning Department before the Board of Appeals while another attorney from that Office serves as counsel to the Board. Although the County Attorney is not a constitutionally created office, the County Attorney's function within the County government is analogous to the role of the Attorney General in State government. In our view, that function justifies a county law office's dual roles in administrative proceedings at the county level, provided there are procedures to ensure the fairness of the administrative process.
To avoid the appearance of a conflict or actual unfairness, the County Attorney's Office could adopt and follow certain protocols when one attorney in the Office acts as adviser to the Board while another represents a county agency in an appeal before the Board. For example, such protocols could proscribe ex parte communications between the two attorneys regarding issues of the law or facts related to a particular matter before the Board, provide for each attorney to maintain separate files on Board matters that would not be accessible to the other attorney, and ensure that support staff protect confidentiality. The protocols should be designed to separate the roles of agency advocate and Board adviser and to preserve the integrity of the administrative process.
 III Conclusion
In our view, an attorney in the County Attorney's Office may represent a County official or agency before the Board of Appeals while another attorney in the same Office serves as counsel to the Board.
However, procedures should be employed to separate the two roles and to ensure the fairness of proceedings before the Board.
J. Joseph Curran, Jr. Attorney General
William R. Varga Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] In connection with his request for this opinion, your predecessor also directed us to the St. Mary's County Code of Ethics, Chapter 158 of the St. Mary's County Code, and in particular to § 158-6, captioned "Conflicts of Interest." While it does not appear that this section bears on the question considered in this opinion, interpretation of the County Ethics Code is appropriately vested in the St. Mary's County Ethics Commission, § 158-4, rather than the Office of the Attorney General.
[2]The Zoning Ordinance is available on the County's web site at: http://www.co.saint-marys.md.us/planzone/docs/5-8zoningordinance/ index.htm.
[3]Certain administrative variances may be obtained directly from the Planning Director in lieu of applying to the Board of Appeals. See Zoning Ordinance § 22.5. A person aggrieved by the decision of the Planning Director may appeal to the Board of Appeals. Id., § 22.5(7).
[4]The Board of Appeals is to render a final written decision within 60 days after the hearing. Zoning Ordinance §§ 20.3(7), 23.5.
[5] Rule 1.10 reads, in pertinent part: (a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7. (d) A disqualification prescribed by this Rule may be waived by the affected client under the conditions stated in Rule 1.7.
[6]Although Rule 1.10 does not explicitly except government attorneys, the official comment notes that "government's recruitment of lawyers would be seriously impaired if Rule 1.10 were applied to the government. On balance, therefore, the government is better served in the long run by the protections stated in Rule 1.11." However, the latter rule only addresses successive government and private practice. (In contrast to the Maryland rule, the comment that follows Rule 1.10, as adopted by the District of Columbia Court of Appeals, explicitly states that the definition of "firm" does not extend to a government agency or other government entity.) 
[7]A member of the Board of Appeals may be removed by the County Commissioners only for cause, following written charges and an opportunity for a public hearing. See Article 66B, § 4.07
(a)(5); see also Zoning Ordinance § 20.3(3).
[8]In Reddick, the Court of Appeals did not find it necessary to decide the dual representation issue, since the Deputy Attorney General involved was present at the hearing as a potential witness rather than as counsel. 213 Md. at 200.
[9]The court reasoned that the ethical rule addressing conflicts of interest was not designed to address the conflict in question. The court noted that a conflict generally may be waived by the informed consent of the parties, but that a waiver by the two agencies involved "does precious little for the remaining party who must face an adversary with unequal access to the tribunal." 3 Cal.App.4th at 1580.
 *Page 137